AT THE

## GENERAL AND SPECIAL TERMS,

IN PROCEEDINGS UNDER THE

# MECHANICS' LIEN LAW,

PASSED JULY 11, 1851. (a)

---

### STEPHEN LUTZ and ADAM WEBER v. JOSEPH EY.

The act of 1851, "for the better security of mechanics and others," provides, that the notice to acquire a lien for labor or materials, shall specify "the amount of the claim and the person against whom the claim is made, the name of the owner of the building, and the situation of the building, by its street and number, if the number be known." (Laws of 1851, chap. 513, § 6.)

The statute does not distinctly require the claimant to state in the notice the character—whether as contractor, sub-contractor or laborer—wherein the work was performed or materials furnished for which the lien is claimed.

It is better, however, to allege the fact in that respect.

*It seems,* that a notice, averring that the work was done and the materials furnished in pursuance of a contract for the erection of certain specified buildings, whereof

---

(a) See the "Act for the better security of mechanics and others, erecting buildings and furnishing materials therefor, in the city and county of New York." (Laws of 1851, chap. 513, p. 953.) See, also, the amendatory statute, passed April 13, 1855. (Laws of 1855, chap. 404, p. 760.) The present volume includes all the decisions rendered under these laws during the year ending in November term, 1857.

the defendant, naming him, is the owner, is *primâ facie* sufficient, without alleging by whom such contract of erection was made by the owner.

It is unnecessary to state in the notice, that the labor has been performed or the materials furnished within six months.

In respect of the limitation contained in this statute, the inquiry is not as to the time when the notice was made out, but when it was actually served upon the county clerk.

An owner may be relieved, even upon a motion, from a lien filed after six months from the performance.

Or, he may avail himself of the irregularity as matter of defence to an action founded on the alleged lien.

The recovery, in an action under the mechanics' lien law, is limited to the " bill of particulars of the amount claimed to be due," prescribed in § 5.

A provision in the building contract, that the claimant shall take in payment the note of the owner, payable in one year, with a satisfactory indorser, does not, where the note is not delivered pursuant to the contract, deprive him of his right of action, under this statute, to enforce a lien for the value of his labor and materials. (*a*)

The claimant, however, is not entitled to interest for the period during which the note would have been running to maturity.

The principle, that where the evidence is contradictory and is such as to legally warrant a finding for either party, the court on appeal will be concluded by the referee's report upon the facts, applied to an action under the mechanics' lien law.

GENERAL TERM, NOVEMBER, 1856.

THIS action was instituted to enforce a lien, acquired, as was alleged, pursuant to the " Act for the better security of mechanics and others, erecting buildings and furnishing materials therefor, in the city and county of New York," passed July 11, 1851.

In the summer of 1853, the plaintiffs, under the firm name of Lutz, Weber and Co., entered into a written contract with the defendant for the erection of four buildings, for $12,700, upon lots in 59th street, owned by the defendant. The contract provided that the work should be performed within a specified period, in accordance with certain plans and specifications, and that payment should be made in installments as the buildings progressed. It was agreed, however, that the

(*a*) See *Teaz* v. *Chrystie,* 2 E. D. Smith, 621 ; *Althause* v. *Warren,* ib. 657.

last installment should be paid, $700 thereof in cash, and the balance, $1,000, in the defendant's promissory note, satisfactorily indorsed, and payable in one year. In case alterations were required in the specified plans, involving an increase or a diminution of the labor or materials contracted for, the amounts of the respective payments were to be graduated accordingly, having reference to the contract price in estimating the value of extra or omitted work.

The plaintiffs proceeded with the erection of buildings upon the lots in question, and in May, 1854, filed with the county clerk, under the sixth section of the mechanics' lien law, a notice, of which the following is a copy :

To RICHARD B. CONNOLLY, Esquire, clerk of the city and county of New York :—SIR—Please to take notice that we, the undersigned, Stephen Lutz and Adam Weber, have a claim against Joseph Ey, amounting to the sum of three thousand dollars, and that this claim is made for and on account of mason and carpenters' work, and digging, excavating and materials, etc., done, performed, and furnished for and used in and upon the buildings hereinafter mentioned, and in the erection thereof, and that such work was done and materials furnished in pursuance of a written contract made for the erection of said buildings and furnishing materials therefor; and also, in pursuance of a verbal contract for extra work done in and about said buildings, which buildings are owned by the said Joseph Ey, and situated in the twelfth ward of the city of New York, on the north side of 59th street, and commence 155 feet east from the corner of 59th street and Third Avenue, and extend 50 feet on said street, and one-half of the block in depth; and being between the Second and Third Avenues, and numbered 16 and 18. And that we have and claim a lien on said buildings and the appurtenances, and upon the lot of land upon which the said buildings stand, pursuant to the provisions of an act of the legislature of the state of New York, entitled " An act for the better security of mechanics and others, erecting buildings, and providing materials therefor, in the city and county of New

York," passed July 11, 1851.—Dated, New York, this 22d day of May, 1854.

STEPHEN LUTZ,

ADAM WEBER,

By ASHLEY and MACDONOUGH,

Attorneys, etc.

In 1855 the claimants served upon the defendant a notice to bring the lien to a close, pursuant to the fourth section of the statute. The notice was returnable at a special term of this court, in July of that year, when the parties appeared. The plaintiffs served upon the defendant the bill of particulars of the amount claimed to be due, prescribed in the fifth section. The usual order for the joinder of issue was entered, and the cause proceeded upon complaint, answer and reply.

·An order of reference having been entered by consent, the trial was conducted before Mr. Livingston Livingston, as sole referee. The testimony was voluminous and contradictory.

The referee's report found that the contract was entered into as above stated, and that the buildings were proceeded with and erected in pursuance thereof, with good materials, and in a substantial and workmanlike manner, excepting certain additions, alterations and modifications, which the report specified in detail. The referee also found, that the buildings were not completed until long subsequently to the time specified in the contract, but that the defendant took possession thereof before they were completed, and that such completion was delayed by the defendant's failure to execute certain excavations of rock, which the contract required of him. That the parties were not entitled to damages against each other, as claimed by them respectively in the pleadings, neither the plaintiffs for the defendant's delay in excavating the rock, nor the defendant for their delay in completing the buildings. That the plaintiffs were entitled to $230 for certain extra work in the report described, and that the defendant should be credited $235 as a reduction for deficiencies and imperfections in the fulfillment of the building contract. Some of the items of extra

work, mentioned in the report, were not specified in the bill of particulars. The items allowed, although not so specified in the bill of particulars, amounted to $53 25.

Finally, the report concluded, that the buildings were completed on the 1st of May, 1854, in substantial conformity with the contract, as modified by consent; that the claimants had duly acquired a lien by the filing of the notice of claim above set forth; and that upon a fair adjustment of the accounts between the parties, there was due from the defendant, with interest from May 1, 1854, $3,096 17.

The question as to the sufficiency of the notice of lien, and the other objections to the right of the plaintiffs to maintain the action and to recover therein, stated in the defendant's points, were raised on a motion for a nonsuit, and upon exceptions to the several conclusions of the referee.

It appeared that the promissory note, whereby the contract provided that $1,000 of the last installment should be paid, was not given, and that this installment, with others, remained unpaid. As already stated, the buildings were completed May 1, 1854, and the lien was filed May 22, in the same year. The note would have been payable May 1, 1855. Subsequently to the last date, the notice to close the lien was served, and the order to join issue was entered in July, 1855. The defendant contended, among other things, that the agreement to take the note for $1,000 was a waiver of the plaintiffs' right to a lien *pro tanto*, and that in any event they were not entitled to interest upon that amount of their claim for the period intervening between the alleged completion of the buildings and the time when the note would have matured.

The plaintiffs entered a judgment, upon the report, in pursuance of the statute of 1851, as amended by the act of April 11, 1855.

The defendant appealed to the general term.

*William E. Curtis*, for the defendant (owner and appellant), made and argued the following points:

I. This is a proceeding to enforce or foreclose a lien under the Mechanics' Lien Law. The plaintiffs have acquired no lien against the defendant, by reason of their omitting to comply with the statutory provisions in their notice of lien. (*Beals* v. *Cong. B'nai Jeshurun*, 1 E. D. Smith's R. 654.)

1. It does not state whether the claimants are " contractors," " sub-contractors," or " laborers," or " persons furnishing materials," for in these divisions are comprised all persons who can possibly acquire a lien. (Act of 1851, *Vide* § 6 ; *Cusack* v. *Tomlinson*, 1 E. D. Smith's R. 716 ; Nott's New York Lien Law, p. 10.)

2. It does not allege that the work was done by virtue of any contract between the claimants and the owner, and the lien is only given on this condition.

3. It does not state that the claimant has performed the work within " six months," to wit, since such a day, naming the time, (§ 6.)

4. The statute requires (§ 6) that if the street number be known, the building shall be described by it ; if omitted, the reason should appear on the lien itself, for the lien cannot be helped by proof *aliunde* the record. (Nott's New York Lien Law, p. 14.)

The lien is a mortgage, the proceeding to foreclose an action. Over the former the court has no power. " We cannot (says Mr. J. Woodruff, in the case of *Beals* v. *Congregation B'nai Jeshurun*, 1 E. D. Smith's R. 658), by amendment give the claimant a lien, when the act has not been complied with, any more than in a proceeding to foreclose a mortgage, we can, on discovering that the plaintiff has no mortgage, direct the defendant to execute and deliver one."

II. The claimants cannot maintain their action against the owner, because they fail to show that the payments have become due under the contract with the owner ; for the pleadings and evidence disclose that the contract, on the part of the plaintiff, has not been performed, and the performance of each part of the contract by the plaintiff is expressly reserved in the contract as a condition precedent to the liability of the defend-

ant for each installment, and a part performance is not sufficient to found an action. (Story on Contracts, § 972; *Pullman* v. *Corning*, 14 Barb. S. C. R. 174.)

1. The pleadings admit that the houses, as constructed, are several inches smaller, both in length and breadth, than is called for by the plans.

2. The evidence shows that the mortar used in the construction of the houses was made of loam and dirt, instead of sand, and unfit for the purposes for which it was used.

3. The evidence shows that the timber used was deficient in quantity and quality.

4. The painting was deficient in quantity and quality.

5. The carpenters and masons' work was generally bad, and there were many deviations from the agreement by the plaintiffs and omissions of things contracted by them to be done.

6. The referee reports, that in addition to the departures and omissions from the plans by the plaintiffs made with the defendant's assent, the houses were left unfinished.

III. The referee erred in reporting and allowing the plaintiffs for extra work not claimed in the bill of particulars, as " wooden platforms for areas," " extra tin leader," " bringing Croton water into store."

Demands not embraced in the notice of lien and bill of particulars are no more entitled to be enforced under this statute, than the claims herein set up for damages, passing bad money, etc.

IV. The referee erred in finding the extra work done on the houses by the plaintiffs worth $230, because all that he finds done, at the prices claimed in the bill of particulars, amounts to only $176 75, while the testimony of the plaintiffs' witnesses reduces that appraisal about fifty per cent. as respects the carpenters' work.

V. The referee erred in finding that the defendant was not entitled to any damages, and to be credited only the sum of $235 63.

The testimony referred to in the 5th and 6th subdivisions under Point II. clearly shows that the defendant has sustained

damages by reason of his walls being put up with bad mortar, to the amount of from $500 to $1,200 ; and is entitled to recover for deficiencies in painting houses, $120 ; in timber, $250 ; in carpenters' work, $167 ; in masons' work, $364.

VI. The agreement of the plaintiffs to take the defendant's note for one year for $1,000, is a waiver of the lien *pro tanto.* The lien cannot be enforced until the money is due, as the 5th section, requires notice to be given to the owner at the commencement of the action, of the amount claimed to be due, and the money not being due in this case, how could the action be sustained ? (*Miller* v. *Moore,* 1 E. D. Smith's Rep. 745.)

*L. Seymour Ashley,* for the plaintiffs (claimants and respondents), made and argued the following points :

I. The motion for a nonsuit was properly denied.

1. Because the plaintiffs had shown a performance of the contract, except where performance was rendered impossible by the defendant's acts, or where alterations and departures had been directed and agreed to by him.

2. Because it appeared that the work had been done under the inspection and direction of the defendant, as contemplated by the contract; and that he had taken possession of the property, and occupied it before it was finished, which facts were evidence of an acceptance.

3. The ground of the motion was too vaguely and indefinitely stated. The portion of the work claimed to be incomplete should have been designated so as to have enabled the plaintiff to offer further proof if necessary.

II. No objection having been made by the defendant to the admission of testimony, the only question in the case is one of fact, viz. Whether the plaintiffs did substantially perform their contract for the erection of these houses, and if not, in all particulars required by the specifications, whether the departures therefrom were directed or agreed to by the defendant, or rendered necessary by his acts or omissions.

1. The plaintiffs did show a substantial, almost a literal performance of their agreement; and this not in a general manner, but by a long and tedious examination of a large number of witnesses. A substantial performance is sufficient. (*Smith* v. *Gugerty*, 4 Barb. 614.)

2. Parties contemplated alterations when the agreement was executed, and provided that they might be made without invalidating the contract. The work was done under the inspection and direction of the defendant, and it does not appear that he ever expressed his dissent or disapproval of any alterations from the specifications. The referee would therefore be authorized to find his consent, if there were no express proof, which there is.

3. The weight of evidence is in favor of the plaintiffs as to quality of materials, the only point which the defendant seems to contest. The defendant calls three witnesses, two carpenters and an architect, as to the painting. The plaintiffs, in reply, call the man who did the work, and who is the most reliable witness; three other painters and two carpenters, who say the painting was well done. As to the mortar, the defendant calls four witnesses, masons, who say that the mortar was bad because there is loam in it; three others who are not masons, who also condemn it. In reply, the plaintiffs call eleven masons, five of whom used the materials, besides one builder, who say the mortar is good and that there is no loam in it. The referee himself inspected the buildings with the consent of both parties.

4. The defendant's exceptions are all fully answered by the testimony in the case.

By the Court. Ingraham, First J.—The plaintiffs are claimants under the mechanics' lien law for work, labor and materials, done and furnished for buildings belonging to the defendant.

The notice filed to create the lien stated the amount of the claim, for what the claim was made, the person against whom the claim was made, that the defendant owned the buildings and its location by the street and number.

The defendant objects to the sufficiency of such notice, because it does not state whether the plaintiffs were contractors, sub-contractors or laborers.    The statute does not distinctly require that the notice should contain such an allegation, although it is undoubtedly better that the character of the party doing the work should be alleged.    The statute directs what shall be specified in the notice, and the present notice contains every thing therein required, and is, I think, in that respect sufficient.

But even if it be held that the notice should show in what character the claimant performed the work, etc., there is enough in the present notice to disclose the relation of the plaintiffs in doing the work.    They state that they performed the work and furnished the materials in pursuance of contracts made for the erection of the buildings, and in the absence of any allegation that they did the work for other contractors, I think the fair presumption is that they, as contractors with the owner, did the work directly for him.

It is also objected to the notice that the same does not aver that the work was done within six months.

It cannot be material to state this in the notice.    It is matter of defence, and the defendant can be relieved even on motion from a lien which is filed after six months from the time of doing the work; or he may set it up as a defence and avail himself of it as such at the trial.    It can do no good to state it in the notice, because the rule is not that the notice is to be made out, but served within six months after doing the work; and even if the notice stated that the work had been done within six months from the date of the notice, the same difficulty would exist as now, because it is not making out the notice but serving it upon the county clerk, that creates the liability.

There is no sufficient foundation for the objection taken to this notice.

· The defendant also objects that the performance of the contract is not proven, and he therefore insists no liability was incurred by the defendant.

The referee has found that the buildings were erected substantially in conformity with the agreement with certain excep-

tions and alterations which were caused by the neglect of the defendant to make the excavations properly, which he was bound to do, or by the express directions of the defendant to make certain alterations therefrom. He also finds that there was extra work done by the plaintiffs amounting to $230, and that the deficiencies on the part of the plaintiffs amounted to $235 63, which amount is allowed to the defendant by the referee.

Upon contradictory testimony as is furnished in this case, this court cannot on appeal interfere with the finding. The evidence is such as to warrant a finding either way, and where that is the case we are concluded by the referee's report.

There is more ground for the objection founded upon the fact which appears by the referee's report, that the plaintiffs did not do all the work they contracted to do. I am free to admit that, in my judgment, a better rule than now exists, and one more consistent with the principles of law, would be to hold that a party claiming payments under a contract for the performance of a specified undertaking should be required to show an entire performance as a condition to the allowance of any payments whatever. If the question was a new one, I think no lawyer would hesitate in saying that such a rule is the only proper one to enforce, and yet in deciding upon builder's contracts, a different practice appears to have been gradually sanctioned by the courts: Instead of compelling the forfeiture of all payments where the entire work contracted for has not been completed, the courts have been led by the hardship of individual cases to sanction a reduction for deficiencies where the contract has been mainly completed, or where the facts can be made, even feebly, to warrant the presumption, that the work has been accepted by the owner. I cannot say that this practice is proper; but I feel bound to yield to the force of the numerous decisions which have been made on this point, and think them appropriate to the present case.

The plaintiffs could not recover for any work not stated in the bill of particulars, and in this respect the referee erred in allowing for wooden platforms, extra leaders, and bringing Cro-

ton water into the house.   The amount allowed for these, being $53 25, must be deducted from the judgment.

The remaining objection is that by the contract the plaintiffs agreed to take for $1,000 of the last installment the note of the defendant, payable in one year, with a satisfactory indorser. There is no allegation in the answer that such note was ever given; on the contrary, the whole defence consists in denying that the plaintiffs have performed their work so as to entitle them to any payment.   The time of credit has long since expired, and had so expired at the commencement of the suit. The mere agreement to receive the note in payment did not deprive the plaintiffs of their right to bring the action, if such note was not delivered in payment when due, and the refusal to pay on the part of the defendant, warranted the plaintiffs in bringing an action for the whole amount.

I think, however, the plaintiffs were not entitled to interest on the $1,000, for which they had agreed to take a note, until the time for which the note had to mature had expired, and that one year's interest should be deducted from the amount reported due on this account.

My conclusions are, that the sums of $53 25, with interest from first May, 1854, and the sum of $70 should be deducted from the amount reported due, and the judgment should be affirmed for the residue.