# GREENE COUNTY COURT.

HENRY SLINGERLAND, plaintiff and respondent, agt. MARTIN V. BRONK, defendant and appellant.

*Appeal from judgment of a justice of the peace — points of law only — insufficient notice.*

On an appeal from a justice's court, upon questions of law only, the appellant cannot insist upon any error not specified in the notice of appeal.

The appellant in this case having failed in his notice of appeal to specify the evidence claimed to be improper, illegal and irrelevant, or to specify in what particular the judgment is against the law and evidence in the case, the judgment of the court below (which was taken by default) for these reasons affirmed.

*April Term,* 1874.

THIS action was brought to recover a statute penalty of fifty dollars for taking down and destroying a notice of sheriff's sale. The judgment was taken by default before the justice in the court below, and the appeal therefrom was brought upon questions of law only. Notice of appeal contains eight grounds of error.

4th, 5th and 6th grounds of error are as follows :

"4th. That improper, illegal and irrelevant evidence was admitted by the said justice on the trial of said cause, on the part of the plaintiff in the absence of the said defendant.

"5th. That the said judgment is against the law and evidence of the case.

"6th. That said action being brought to recover a penalty, the statute regulating said action should have been strictly pursued, which was not done in pursuance to the practice under said statute, in which particular the said justice erred."

The appellant claimed, on the argument of the appeal, that under the foregoing points of error he could bring up for review these questions which presented themselves as errors on the face of the return, viz.: " That the said justice erred in admitting parol evidence of the judgment recovered, and the contents of the notice of sale ; also, of the contents of the execution under which said notice was alleged to have been posted and said sale made, without showing the loss and destruction, or showing the right of plaintiff to give parol evidence of their contents by notice to produce or otherwise. Also, that this being a penal statute, the plaintiff was bound to show affirmatively that said notice of sale was not taken down by consent of the party suing out such execution and of the defendant therein, and further that such execution was not satisfied." The respondent objected and claimed that the notice of appeal was not sufficient to bring up for review the above questions of error.

The appellant cites in support of his theory the case of *Cole* agt. *Bell* (48 *Barb.*, 194), being a general term decision of this district, and *Forman* agt. *Forman* (17 *How. Pr. R.*, 255).

The respondent cited in support of his objection the case of *Delong* agt. *Brainard* (1 *N. Y.*, *Sup. Ct.*, 1) and *Nolan* agt. *Page* (*id.*, 2, *Addenda*).

Other facts appear in the opinion.

*E. Raymond*, attorney for respondent.

*Olney & Hiseerd*, attorneys for appellant.

*By the Court*, MANLEY B. MATTICE, *Co. J.*—This action was brought to recover a penalty against the defendant of fifty dollars for taking and destroying a sheriff's "notice of sale " under an execution.

The defendant did not appear on the trial of cause. The justice rendered judgment against the defendant for fifty dollars and costs.

The defendant, in his notice of appeal, states "that improper, illegal and irrelevant evidence was admitted by the said justice on the trial of said cause, on the part of the plaintiff, in the absence of said defendant."

The notices of sale, posted by the sheriff, one of which was alleged to have been torn down, nor the execution, by virtue of which the levy was made and said notices of sale posted, were offered or introduced in evidence on the trial, but their contents allowed to be given without showing their loss or destruction, or showing the right of plaintiff to give parol testimony of their contents by notice to produce, or otherwise.

It nowhere appears in evidence that said notice of sale was not taken down by consent of the party suing out such execution, and of the defendant therein.

It is claimed by the respondent that if any errors were committed by the introduction of testimony, or any defect in the testimony given, the appellant's notice of appeal is not sufficiently specific to justify a review in this court.

It nowhere appears in the notice of appeal that the justice improperly admitted oral testimony of the contents of written instruments, &c., or that the testimony was defective and insufficient in not showing, &c.

All the evidence introduced was necessary testimony for the plaintiff, but the manner of introducing it is all the appellant can complain of.

Now, was the notice of appeal sufficiently specific to bring these questions up for review?

In the case of *Delong* agt. *Brainard* (1 *N. Y. S. Court*, *page* 1), a very recent case, it is held "that when the appellant, in his notice of appeal upon the law, assigns as grounds of appeal that the justice erred in allowing incompetent evidence on the trial, the judgment is entirely unsupported by the evidence given, &c., on the whole evidence, the plaintiff was not entitled to recover, and that the judgment is contrary to law upon the facts proved," it is not sufficient to sustain an appeal.

Slingerland agt. Bronk.

The court at general term (fourth department) says: The return shows numerous objections to the admission of evidence, but none is pointed out in the notice of appeal. That part of the notice of appeal which relates to the admission of evidence is altogether too general to apprise the party or the justice of the specific error which it was claimed had been committed.

The other specifications are also very vague, and amount to little more than saying the judgment is wrong (*See Nolan* agt. *Page*, 1 *N. Y. S. Court, page* 2, *Addenda*).

The appellant cannot, upon appeal from justice court, upon the law only, insist upon any error not specified in the notice of appeal (*Avery* agt. *Woodbeck*, 62 *Barb.*, 557).

The preponderance of authorities appear to be that unless the notice of appeal specify and point out clearly the grounds of error complained of, so that the justice or the adverse party may be fairly apprised of the grounds on which a reversal of the judgment is sought, it will be held to be insufficient to justify a review of the judgment.

In this case the appellant failed in his notice of appeal to specify the evidence claimed to be improper, illegal and irrelevant, or to specify in what particulars the judgment is against the law and evidence in the case.

The judgment must, for these reasons, be affirmed, with costs.