Townsend vs. Smith.

Townsend vs. Smith.

(1) Jurisdiction *of the person obtained through fraud: summons set aside.* (2) *Effect of voluntary appearance.*

1. Where the defendant in a civil action has been induced by plaintiff's fraudulent representations to come within the jurisdiction of the court, the summons then served upon him will be set aside, although the design of the representations was to obtain his arrest upon a criminal charge, and the institution of the civil action was an afterthought.

2. *It seems* that in such a case the action should be dismissed even after defendant has made a voluntary general appearance therein; but whether there was such an appearance in this case, is not determined.

APPEAL from the Circuit Court for *Waukesha* County.

The plaintiff is the owner of a hotel in Oconomowoc, in this state; and the defendant, being a resident of Chicago, and the publisher of a newspaper in that city called *The Hotel World*, published an article in said newspaper derogatory to the character of the plaintiff, and severely censuring him for the manner in which he conducted his hotel business. Soon after this publication, plaintiff, by means of the false and fraudulent pretenses that he desired to advertise his hotel for sale in *The Hotel World*, and also desired the defendant to examine the property, and that he would pay the defendant's expenses if the latter would visit Oconomowoc for that purpose, induced the defendant to go from Chicago to Milwaukee. As soon as he arrived at Milwaukee, he was arrested by virtue of a war-

rant issued on complaint of the plaintiff in behalf of the state, charging him with the offense of libel committed by the publication of the aforesaid article.   While he was in the custody of the officer on the criminal charge, plaintiff caused the summons in this action to be served on him.

The false and fraudulent pretenses aforesaid were made by the plaintiff for the sole purpose of getting the defendant within the jurisdiction of the court so that process might be served upon him.

On affidavits showing the foregoing facts, the attorneys for the defendant, who appeared specially for the purposes of the motion alone, obtained an order on the plaintiff to show cause why the service of the summons should not be set aside, "and why said defendant should not have such other and further relief as to the court shall seem meet and just, and the costs of this motion."   The order contains a stay of proceedings.

On the hearing of the motion, an affidavit of the plaintiff was read in opposition thereto, in which he denies that he perpetrated the fraud and trick charged to enable him to get service of summons on the defendant in this state, and alleges that the service of the summons was first suggested to him after the defendant had been arrested on criminal process.   The affidavit contains no other defense to the motion, and no excuse for or palliation of the fraud perpetrated upon the defendant.

The circuit court denied the motion on the ground that "the defendant has procured a stay of proceedings herein, and that by such stay he has entered an appearance and waived all defects in the original service of the summons."

The defendant appealed from the order.   .

For the appellant, there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.   They contended, 1. That where the whole relief sought by a motion is the setting aside of an illegal proceeding, or where the motion is strictly incidental and subsidiary to that relief, there is no general appearance (*Blackstone v. Sweet*, 38 Wis., 580); and

that the power to dismiss proceedings for want of jurisdiction implies the power to stay the proceedings while the question of jurisdiction is being inquired into. *U. M. Trans. Co. v. Whittaker*, 16 Wis., 220, differs from this in that the order to stay proceedings obtained by the defendant in that case was obtained for the purpose of further proceedings after the question of jurisdiction had been decided in plaintiff's favor. 2. That the prayer for further relief and for costs of the motion was not a general appearance. (1) The relief sought was only such as might be deemed by the court consistent with the purposes of the motion. (2) Where a cause *originally brought* in the circuit court is dismissed by it for want of jurisdiction, it may grant defendant costs of the motion. Compare *Mitchell v. Kennedy*, 1 Wis., 511; *Pratt v. Brown*, 4 id., 188; *Boyce v. Foote*, 19 id., 199, with *Paine v. Chase*, 14 id., 653. 3. That the motion should have been granted on the merits. *Carpenter v. Spooner*, 2 Sandf. S. C., 717; *Goupil v. Simonson*, 3 Abb. Pr., 474; *Bulkley v. Bulkley*, 6 id., 307; *Metcalf v. Clark*, 41 Barb., 45; *Benninghoff v. Oswell*, 37 How. Pr., 235.

For the respondent, there was a brief by *Joshua Stark* and *D. G. Rogers*, and oral argument by *Mr. Stark*. They contended, 1. That if a defendant, seeking the dismissal of an action on the ground of a defective service of the summons, asks for *any other relief*, or for that relief on *any other ground*, this is a waiver of the defect. *Barnum v. Fitzpatrick*, 11 Wis., 81; *Northrup v. Shephard*, 26 id., 220; *Grantier v. Rosecrance*, 27 id., 488; *Anderson v. Coburn*, id., 558; *Baizer v. Lasch*, 28 id., 268; *Alderson v. White*, 32 id., 308; *Blackburn v. Sweet*, 38 id., 578; *Coad v. Coad*, 41 id., 23. The defendant appeared generally, (1) By asking other and further relief. Relief is often granted under such a general prayer. 4 Wait's Pr., 596; *Bellinger v. Martindale*, 8 How. Pr., 113. (2) By procuring a stay of proceedings. *Ins. Co. v. Swineford*, 28 Wis., 257; *U. M. Transp. Co. v. Whittaker*, 16

id., 220. 2. That the case did not show that defendant was induced to come within the jurisdiction with a view to the service of a summons upon him in this action.

LYON, J.. If a person is induced by false representations to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process in an action brought against him in such court is there served, it is an abuse of legal process, and, the fraud being shown, the court will, on motion, set aside the service. This rule is elementary, and has been uniformly enforced in numerous cases both in this country and England. The principle of the rule seems to be that " a valid and lawful act cannot be accomplished by any unlawful means; and whenever such unlawful means are resorted to, the law will interpose and afford some suitable remedy, according to the nature of the case, to restore the party injured by these unlawful means to his rights." Per SHAW, C. J., in *Ilsley v. Nichols*, 12 Pick.; (270), 276.

In the present case the plaintiff inveigled the defendant, by artifice and falsehood, to come within the jurisdiction of the court in which the action was brought. The means by which the service of the summons was obtained, being fraudulent, were unlawful. The remedy which the law affords in such a case is to set aside the process.

This remedy is not given upon the ground that, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but upon the ground that the court will not exercise its jurisdiction in favor of the plaintiff who has obtained service of his summons by unlawful means. When that fact is made to appear — especially if the defendant has been guilty of no laches, — the court should vindicate the integrity of its process by setting aside the service and turning the plaintiff out of court as a punishment for his gross fraud.

As already observed, courts have uniformly so proceeded in

such cases, and we do not find that any court has ever stopped to inquire, under such circumstances, whether the appearance of the defendant is general or special. Such a case is entirely unlike one in which there has been a failure of proper service of process; for there the failure affects only the defendant, while here the fraud affects the integrity of the process of the court. Surely a general appearance to the action ought not to bar the court from vindicating the integrity of its own process, and we have seen no case which gives that effect to a general appearance.

We are of the opinion, therefore, that the ground upon which the learned circuit judge denied the motion to set aside the service of the summons is untenable, even though the defendant has appeared generally, which we greatly doubt. It is unnecessary, however, to determine the character of the appearance.

It was suggested, but scarcely argued, by the learned counsel for the plaintiff, that because his client committed the fraud for the sole purpose of getting the defendant within this state, so that he might be arrested on criminal process — this action being the result of an afterthought, — the service of the summons should be upheld.

The suggestion is hardly worthy of notice. The defendant was within the jurisdiction of the court by means of the fraud of the plaintiff; and no act of his, which that fraud enabled him to accomplish, can be allowed to stand, whether such act was predetermined or not. The court will not permit him to utilize his fraud for any purpose. In *Ex parte Wilson*, 1 Atk., 152, Lord Chancellor HARDWICKE said: "Even at law, where there is an irregular arrest, and an advantage is taken of the irregularity to charge him in custody at the suit of another person, the courts of law will discharge him from both."

We conclude that the court below should have granted the motion.

In addition to those above cited, the following are some

of the cases which it is believed sustain the views above expressed: *Snelling v. Watrous,* 2 Paige, 314; *Carpenter v. Spooner,* 2 Sandf., 717; *Williams v. Bacon,* 10 Wend., 636; *Clark v. Metcalf,* 41 Barb., 45; *Goupil v. Simonson,* 3 Abb. Pr., 475; *Bulkley v. Bulkley,* 6 Abb. Pr., 307; *Dunlap v. Cody,* 31 Iowa, 260; *Whetstone v. Whetstone,* id., 276; *Wanzer v. Bright,* 52 Ill., 35; *Benninghoff v. Oswell,* 37 How. Pr., 235; *Wells v. Gurney,* 8 Barn. & Cress., 769; *Stein v. Valkenhuysen,* Ellis, Bl. & Ellis, 65; *Luttin v. Benin,* 11 Mod., 50.

*By the Court.*— Order reversed, and cause remanded with directions to the circuit court to vacate and set aside the service of the summons.