## J. R. Chubbuck *vs.* David A. Cleveland.

### November 25, 1887.

**Fraud—Misrepresentations to Third Person.**—Where false and fraudulent representations are made to one person, with the expectation and purpose that they should be communicated to another, and they are so communicated to and acted on by him to his prejudice, the result of the fraud must be deemed to have been contemplated by the party making such representations, and he is liable therefor.

**Same—Unlawful Means to Lawful End.**—The law will not lend its sanction to an act, otherwise lawful, which is accomplished by unlawful means.

**Jurisdiction Obtained by Fraud—Appearance — Answer —Waiver.**— Where the service of process, as an attachment against the property of a non-resident, is procured by fraudulent devices, the court, on the discovery thereof, will refuse to exercise its jurisdiction, and turn the plaintiff out of court; and the facts disclosing the fraud may be set up by answer. An appearance by an answer which simply sets up facts showing want of jurisdiction, and protests against its exercise, and claims no other right, is not such an appearance as waives the objection.

Appeal by defendant from a judgment of the municipal court of Stillwater.

*Clapp & Macartney* and *Ray S. Reid,* for appellant.

*Fayette Marsh,* for respondent.

Vanderburgh, J.　The parties are residents of Wisconsin, and the defendant is the owner of a team alleged to be exempt under the laws of that state.　This action was commenced by attachment issued out of the municipal court of the city of Stillwater, and levied on the team while temporarily in that city.　The defendant answered by attorney, and at the trial the court ordered judgment for plaintiff upon the pleadings, and the defendant appeals from the judgment.　It is alleged in the answer, in substance, that the plaintiff caused the attachment to be issued through the agency of one Kelly, acting for him, and levied on the team, and that he has ever since caused the team to be kept from the defendant; that defendant was induced to come

over into the city with his team by the deceit and false representations of Kelly, and with the purpose and object of effecting such levy; and that, while the property was so held under the first attachment which Kelly and his attorney refused to release on defendant's solicitation, a second attachment, the one issued in this action, was caused to be levied on the property by plaintiff. The suit was commenced by attachment, and the defendant filed the answer as a plea in abatement of the action, on the ground that the jurisdiction of the court had been procured by fraud.

1. The different parts of the transaction are sufficiently connected to fix the responsibility upon the plaintiff, who, by insisting upon the enforcement of the attachment, ratifies and adopts the acts of his agent in procuring it.

2. The representations were not, as it appears, made directly to defendant, but to one McGuire, and were repeated to him, and "induced this defendant to come within the jurisdiction of this court, and that said Kelly made said representations for the sole purpose of getting this defendant within the jurisdiction of this court with his team." Defendant further alleges "that the false and fraudulent representations made by said Kelly consisted in the statements that he, said Kelly, had some coal in Stillwater that he would turn over to the said McGuire, on account, if he would send a team after it, whereas in truth and in fact the said Kelly had no coal at said place, as he well knew, but that he made the said representation to the said McGuire knowing, from the relations existing between the defendant and the said McGuire, that the latter would employ the defendant to go after it, and thus come within the jurisdiction of this court." The representations were therefore made with the expectation and purpose that they should be communicated to and acted on by the defendant; and the result of the fraud to defendant, as the one injured by it, must be deemed to have been contemplated by the guilty party. *Levy* v. *Langridge*, 4 Mees. & W. 337; *Iasigi* v. *Brown*, 17 How. 183; Bigelow, Fraud, 90.

3. Where the service of process is procured by fraud, that fact may be shown, and the court will refuse to exercise its jurisdiction, and turn the plaintiff out of court. The law will not lend its sanction or

support to an act, otherwise lawful, which is accomplished by unlawful means.   *Townsend* v. *Smith,* 47 Wis. 623, (3 N. W. Rep. 439;) Bigelow, Fraud, 166, 171, and cases; *Ilsley* v. *Nichols,* 12 Pick. 270, 276, (22 Am. Dec. 425;) *Sherman* v. *Gundlach, ante,* p. 118.

4. The law will operate retrospectively to defeat proceedings fraudulently inaugurated, though done under the color of lawful authority, and hence we see no reason why the facts may not be pleaded in an answer on the ground that the service of the process under which jurisdiction was obtained was unlawful.   The party does not in such case waive his objection simply by setting up the facts disclosing it. As said by the court in *Townsend* v. *Smith, supra:* "Such a case is entirely unlike one where there has been a failure of proper service of process, for there the failure affects only the defendant, while here the fraud affects the integrity of the process of the court." *Larned* v. *Griffin,* 12 Fed. Rep. 590; *Gilbert* v. *Vanderpool,* 15 John. 242; 1 Wait, Pr. 562.   An appearance by an answer which simply protests against the exercise of jurisdiction, and claims no other right, is not such an appearance as waives the objection.   *Sullivan* v. *Frazee,* 4 Rob. (N. Y.) 616.   Again, the objection, strictly, is not that the court has not jurisdiction of the person, but that it ought not, by reason of the alleged fraud, to take or hold jurisdiction of the action. *Wheelock* v. *Lee,* 74 N. Y. 495; *Higgins* v. *Beveridge,* 35 Minn. 285, (28 N. W. Rep. 506.)

Judgment reversed, and case remanded for trial.