## EXEMPTION FROM ARREST.

[Circuit Court of Cuyahoga County.]

WILLIAM B. WHITE v. ARTHUR G. MARSHALL.·

Decided, March 20, 1902.

*Summons—Service of, in Civil Action—Exemption from, under Section 5457 a Privilege, which may be Waived—When. Exemption should be Claimed—Service Voidable, but not Void—Acts Amounting to a Waiver.*

1. Service of process upon a privileged person is not void, but a mere irregular and voidable process; and unless the defendant by motion or plea in abatement raise the question of his privilege at the proper time, it will be regarded as waived.
2. Where service is made upon one privileged from process, it will be set aside because of the fraud upon the court and to shield its writ from imposition, and not because of any right possessed by the defendant to be relieved from such service.
3. This privilege like any other may be waived, and where the defendant enters an appearance by answer, or tenders issues of fact, it will be regarded as waived and is not thereafter available.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

Arthur G. Marshall the defendant in error, was charged with having committed a crime in the state of Ohio, and the requisite papers were obtained from the governor of the state, and he was extradited from the state of Massachusetts and brought into the state of Ohio, and in the Court of Common Pleas of Cuyahoga County he was arraigned for trial. He gave bail for his appearance for trial in that court, and at about that time a suit was brought against him in the Court of Common Pleas of Cuyahoga County, Ohio, growing out of the same transaction, for which he was arrested and extradited. A summons was issued in the civil action and served upon the defendant in error, and thereafter the proceedings in the civil action, so far as they are material in this consideration, were as follows:

August 29, 1901, a petition and affidavit for attachment and præcipe was filed in this cause, and on the same day order of arrest issued; and, on August 30, 1901, the plaintiff filed his affidavit for civil arrest of the defendant in error, and his un-

dertaking and the order of arrest was issued. September 16, 1901, the defendant in error filed his answer, in which he joined issue with the averments in plaintiff's petition and said nothing of his exemption from suit. September 23, 1901, the order of ~arrest was returned "Not served on the defendant, A. G. Marshall." On the same day an *alias* order of arrest was issued, under which the sheriff took the defendant in error into custody on the day it was issued. While the first order of arrest was out for service the defendant in error, on September 18, 1901, filed in the case his motion for the court to fix the amount of bail, and his affidavit in support of the motion and after his arrest, the court heard this motion for bail and release, and overruled the same. September 25, 1901, the defendant in error filed his motion in the court for leave to deposit notes with the sheriff and to have the court discharge the attachment and fix the amount of bail. He filed therewith notice and affidavit. The motion in substance is:

"Now comes the said defendant, Arthur G. Marshall, and makes this his motion for the purpose of having his bond fixed for his personal release from the custody of the sheriff of this county; and for the purpose to discharge an attachment issued on the State Banking & Trust Company of Cleveland, Ohio, and for the further purpose of having the personal goods and chattels in the possession of said sheriff set over to this defendant in lieu of homestead exemptions;" and then he gives his reasons for his motion.

In his affidavit in support of his motion, among other things, he states that the notes in question, which were more fully described in the petition, are the property and assets of the defendant. That the plaintiff has garnisheed the State Banking & Trust Company of Cleveland, Ohio, and by reason of such garnishee process the notes in question are now in the hands practically, of the plaintiff, although the notes are still in the hands and under the control of the bank, and he is willing that the bank should turn the notes over to the sheriff of said county and have the notes held by said sheriff until the case is finally adjudicated and the rights of the respective parties fully and finally determined, and, unless some such arrangement can be

made, he will be unable to give bail for his release in this case. And he avers that the plaintiff brings this action for the purpose of forcing this defendant to trade back the horses, buggies and other vehicles and said notes, which the affiant received from the said plaintiff for stock in said lead company, for the reason that this affiant, while in Cleveland during the summer of 1901, tried to sell to different banks and persons said notes, and which said plaintiff did not like. And affiant further states in his affidavit, that if the court will read plaintiff's petition, as well as the answer filed cn the part of this defendant, and study into the merits of the matter, as will appear from the records so far filed in said case, together with any additional testimony which the defendant stands ready to furnish, that the court will come to the conclusion that a great wrong and a gross injustice is being done to said affiant on the part of said plaintiff, wholly and solely for mercenary purposes. And affiant further says that he has a just and meritorious defense to plaintiff's petition, as will appear from his answer filed in this case.

Then affiant states his arrest on the criminal charge, and that he believes that through the influence of the plaintiff and his attorneys, an excessive bond was required against him, which he was unable to procure and give, and he denies that he is guilty as charged in the criminal case, and denies that is guilty of wrong-doing or fraudulent transaction of any kind or character whatsoever in connection with said matter.

Up to this time the defendant nowhere in the proceedings in court had made any claim of exemption from suit or from arrest by reason of his being brought into the state under extradition papers. On September 30, 1901, the defendant filed this motion in the court, which is as follows:

"Now comes the defendant, Arthur G. Marshall, not intending in any manner to enter his appearance herein, but for the sole purpose of protesting and objecting to the jurisdiction of this court over this defendant, and moves the court to quash the summons issued herein, and to dismiss the action against this defendant for want of jurisdiction; and the defendant further moves the court to vacate the order of arrest on a writ of attachment before judgment in the above entitled cause, and

for reasons thereof says: That this defendant is, and at the time of his arrest under indictment No. 75581 and always before, was a non-resident of the state of Ohio; that he was brought within the civil jurisdiction of this court by extradition from a sister state; that this defendant was served with summons in a civil case entitled 'William B. White v. Arthur G. Marshall,' while so within the jurisdiction of this court without opportunity to return to the state from whence he was extradited. That this defendant was served with summons in a civil case (William B. White v. Arthur G. Marshall), while in the county jail of Cuyahoga county awaiting hearing on a criminal charge on extradition from the state of Massachusetts; that this defendant was arrested on a writ of attachment under Section 5491, Revised Statutes, while within the jurisdiction of this court, by virtue of extradition from the state of Massachusetts; that this defendant is illegally held a prisoner in the jail of Cuyahoga county, Cleveland, Ohio, on a civil process founded on Section 5492, Revised Statutes. That on September 24, 1901, this defendant entered into a bond for his appearance in court in answer to the criminal charge on which he was extradited and discharged from custody pending such hearing. That William B. White, plaintiff in the above entitled cause, is the prosecuting witness in the criminal case, under which this defendant was extradited from the state of Massachusetts, and the same William B. White from whom it is alleged defendant obtained property by false pretenses.''

That motion was supported by the affidavit of Arthur G. Marshall. Had the defendant in error interposed this motion in the court before his appearance in the civil action and before his appearance to obtain his release on bail in the matter of arrest, it clearly should have been granted. This motion came on to be heard by the court on October 9, 1901. The court granted the motion, so far as to vacate the order of arrest on the order of attachment, and refused the motion to vacate the summons and discharge the defendant from arrest.

The plaintiff excepted to the ruling of the court vacating the order of arrest and discharging the defendant therefrom, and he prosecutes his petition in error in this court to reverse the ruling of the court below as to that point.

It has been determined in this state by the highest court that if a non-resident is charged with crime and brought within the

jurisdiction of the court by compulsory process, he is exempt from service of civil process while coming into the jurisdiction, while necessarily in attendance upon the court and while returning to his place of residence, provided no unnecessary delay occurs in returning (*Compton* v. *Wilder*, 40 Ohio St., 130). The authorities at the present time are quite uniform in holding upon this question, and many of the authorities state that the bringing of such an action is unlawful. They mean, however, nothing more by that than if the defendant objects to the jurisdiction of the court over him, he is entitled to have the summons in the case dismissed as to him, and if a *capias* has been issued and served, he is entitled to have the same set aside; and it is not intended to say that it is unlawful because it is prohibited by positive law, nor in that sense.

The exemption to civil service afforded by Section 5457, Revised Statutes, which provides who shall be privileged from arrest, is extended to the defendant who has been brought into the state by compulsory service as a privilege, and, like any other privilege, it may be waived. There are exceptions to this rule of waiver, but no court, so far as we know, has extended any of these exceptions to a case of this kind. Privileges of this nature are common in this country and in England, and they are extended to persons in various avocations, and especially to legislators, to persons attending court either as parties or witnesses, and to various other persons, and they are inseparably connected with the fundamental maxim in all free governments, and public exigency renders it necessary that private right shall yield to public good. The privileges are granted that the administration of the affairs of the government may not be interrupted or damaged by circumstances arising from the private affairs of those who are called into the public service. And hence it belongs to all who are assembled for legislative purposes, and, on like reasons, the courts must be protected and the importance of that branch of the government is regarded of equal importance to that of the legislative branch; and hence the exemption is extended to persons who are attending court as parties or witnesses; and, on like principle, the exemption has been extended to parties who have been extradited and

brought into the state by force. And while public policy is the foundation upon which the exemptions are granted, yet that public policy has never been construed for the benefit of the defendant to that extent that he may not waive.

Hence the courts hold quite uniformly that service of process upon a privileged person is not void, but a mere irregular and voidable process which may be waived by him, and, unless he makes a motion or a plea in abatement at the proper time to vacate the service and be released from the court, he is held to have waived the privilege. If prior to claiming his exemption, he does anything with reference to his appearance or defense, it is too late for him to thereafter make the claim. Such appearance is regarded by all courts as a waiver of his right of exemption.

In this case the defendant filed two motions for bail before he claims exemption, and in those motions he tendered an issue of fact which went to his rights not only as to bail, but as to a complete defense in the action.

There has been some controversy as to whether a mere entering of bail is sufficient to waive the exemption; and there are cases holding that where bail is entered by giving a bond to the marshal or officer holding the defendant in arrest without any appearance before the court is no waiver, but where the party appears to the court to have his bond fixed or enter bail in the manner in which the defendant sought to have it done in this case, he waives.

The cases all hold, so far as we have seen them, that it constitutes a waiver. And certainly if in his application to the court for bail, if he raises a question of fact to be tried by the court, such as that the plaintiff is trying to keep the bail large for the purpose of oppressing him; that he is incapable of giving a bond in twice the amount of the judgment asked, and that it is impossible for him to deposit $12,000; that he is a man of limited means; that he is entitled to a considerable portion of the funds claimed by the plaintiff, by way of exemption; that the notes in controversy and which he desires to have held by the sheriff as security for his appearance are really his property; that the object of his arrest is to force him to surrender certain prop-

erty to the plaintiff; that a great wrong and injustice are being done him on the part of the plaintiff for mercenary purposes; that he has a defense to plaintiff's petition; these are all questions upon which an issue may be formed and upon which, or upon many of them, issue was taken which can only be determined by a trial to the court, and which determination of the court became necessary in fixing the amount of bail for the release of the defendant.

This to our minds clearly constitutes such an appearance in the arrest as will waive the exemption provided for defendant by the law of the land. *Smith* v. *Jones,* 76 Me., 138 (49 Am. Rep., 598); *Brown* v. *Gatchell,* 11 Mass., 14; *Cole* v. *McClellan,* 4 Hill, 59; *Farmer* v. *Robbins,* 47 How. Prac., 411; *Stewart* v. *Howard,* 15 Barb., 26; *Pixley* v. *Winchell,* 7 Cow., 366 (17 Am. Dec., 525); *Green* v. *Bonafon,* 2 Miles, 219; *Peters* v. *League,* 13 Md., 58 (71 Am. Dec., 622); *Thorton* v. *Writing Mach. Co.,* 9 S. E. Rep., 679 (83 Ga., 288); *Prentiss* v. *Commonwealth,* 5 Rand., 697; *Lyell* v. *Goodwin,* 4 McLean, 29.

This privilege of a person from the service of civil process can not be noticed by the courts *ex officio.* As it may be waived, it must be claimed, and it can be claimed only by a plea or motion made at the proper time. *Holiday* v. *Pitt,* 2 Strang., 985; *McPhers* v. *Nesmith,* 3 Grat., 241; *Geyer* v. *Irwin,* 4 Dall. (Pa.), 107; *Chase* v. *Fish,* 16 Me., 146; *Prentiss* v. *Commonwealth,* 5 Rand., 697 (16 Am. Dec., 782).

It is contended on behalf of the defendant in error that the court, where it finds there has been an abuse of process, will set aside the service even after appearance. This has been done where the parties have been decoyed into the state that service might be made upon them, or where they have been brought within the jurisdiction of the court by fraud and false pretenses, and in such cases the court, it has been held, will set aside the serving on the ground that the service is irregular —not because the plaintiff is entitled to have the same set aside if he has entered appearance, but because it is a fraud upon the court, and the court does it for its own protection and to shield its writ from imposition. *Williams* v. *Reed,* 29 N. J. Law, 385; *Nason* v. *Eston,* 2 R. I., 337; *Metcalf* v. *Clark,*

40 Barber, 45; *Wood* v. *Wood,* 78 Ky., 624; *Blair* v. *Turtle,* 1 McCreary, 372.

And such service has been held to be an abuse of judicial process. *Chubbuck* v. *Cleveland,* 35 N. W. Rep., 362 (37 Minn., 466); *Van Horn* v. *Manufacturing Co.,* 15 Pac. Rep., 562 (37 Kan., 523); *Townsend* v. *Smith,* 3 N. W. Rep., 439 (47 Wis., 623).; *Duringer* v. *Moschino,* 93 Ind., 495.

The defendant in error seeks to avail himself of the rule established by these cases and from them argues that the court was justified in setting aside the order of arrest in this case. It will be seen by referring to the motion which the court granted so far as to quash the writ of arrest, that there has been no plea nor claim of any kind that the defendant was guilty of any fraud or false pretenses or deception of any kind in bringing Marshall from the state of Massachusetts to the state of Ohio to be criminally prosecuted.

It may be admitted that if extradition process should be used for the purpose of bringing the party into another state with the intention of there serving him in a civil action, that the court might under such state of facts relieve the party from his appearance, not because the defendant himself could claim the same if he had voluntarily entered his appearance in the action, but because of the imposition upon the court and upon the state that brought the prisoner within its borders to answer for a crime therein committed. The good faith required in such cases is that the defendant shall be prosecuted for a crime he has committed, and not brought into the state for mere personal motives and for the purpose of a civil action.

But, as we have said, there is no claim of such duplicity and unfair practice and evil intent set forth in the motion; and hence no evidence would have been competent upon that subject before the trial court. This being true, if we still say that the court may even without a motion and proofs showing such bad faith, quash the writ, we are then saying that the court may in all cases where civil process has been commenced, under like circumstances, quash the writ, even though the writ was not procured by means of duplicity and false pretenses. This is equivalent to holding that the court may *ex officio,* regardless of claim

and proof quash the writ in all cases where civil suit has been commenced and a *capias* issued under the facts as they appear in this case.

All that appears in this case is, that the defendant was extradited from the state of Massachusetts, was brought to Cuyahoga county, Ohio, to answer for the commission of a crime; that he was being held under bail for trial in that proceeding.

There is nothing to show that this was not done in the utmost good faith except the fact that civil suit was commenced. Hence if the court can interfere in this case without any claim of fraud, without any proof of fraud, except the commencing of the civil action, then it may interfere in every case which would make the commencing of a civil action against a privileged person absolutely unlawful, as much so as if prohibited by direct law upon that subject, which is not the intention of the statutes and the constitution granting the exemption, and is contrary to the holding of all courts.

As we understand the law in regard to the cases last referred to, it is this: That if the defendant has waived the privilege and entered his appearance, yet if it appears to the court thereafter that the defendant has been brought into the court and the action has been commenced through the fraudulent use of the court's writ, and that appears by testimony and by a claim made in the case, the court will then interfere, not to protect the defendant, but to protect the court against fraud and unfair dealing by its officers.

It is the opinion of the court that the defendant entered his appearance by his answer to the petition in the civil action and by the motions he filed to quash the writ upon which he was arrested, and having appeared by way of tendering issues to obtain his release from the arrest, he can not thereafter avail himself of his privilege, but has waived it. And the court erred in quashing the writ upon which he was arrested, and releasing him.

For this error the judgment of the court below is reversed, and the case is remanded for further proceedings.

*Kline, Carr, Tolles & Goff,* for plaintiff in error.

*W. H. Boyd,* for defendant in error.