## JAMES H. PERKINS AND ANOTHER v. D. J. ORFIELD AND ANOTHER.[1]

January 30, 1920.

No. 21,581.

#### Exchange of property — false representations — verdict sustained.

In an action for false and fraudulent representations concerning the condition and character of land, the subject matter of a contract between the parties, it is *held*:

(1) That the evidence supports the verdict as to both defendants, to the effect that representations were false and untrue, and were relied upon by plaintiff in entering into the contract.

(2) There was no error in the instructions to the jury.

Action in the district court for Hennepin county to recover $2,350 for fraudulent representations in the exchange of certain real property. The separate answers interposed counterclaims. The case was tried before Fish, J., who at the close of the testimony granted defendants' motion that the action be dismissed, as far as concerned plaintiff James H. Perkins, and denied defendants' motion for directed verdicts in their favor, and a jury which returned a verdict for $800. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

[1]Reported in 176 N. W. 157.

*Norton & Norton,* for appellants.
*Bruce & Wilder,* for respondents.

BROWN, C. J.

Action for damages for alleged fraudulent representations in a transaction involving an exchange of real properties. Plaintiff Anna M. Perkins had a verdict, and defendants appealed from an order denying their joint motion for judgment or a new trial. The action was dismissed on the trial as to the other plaintiff.

Plaintiffs are husband and wife, and the latter held and owned under a contract for deed a residence property in the city of Minneapolis. Defendant Lien owned a tract of 160 acres of farm land in the county of Bayfield, Wisconsin. Defendant Orfield was a real estate broker in the city of Minneapolis, with whom Lien had listed his farm land for sale. Some time early in August, 1917, plaintiffs advertised their property for sale. Orfield noticed the advertisement in the papers and immediately made inquiry as to the property and the prospects for an exchange. Subsequent negotiations between the parties, plaintiff James H. Perkins acting for his wife, resulted in an exchange of the Minneapolis property owned by Mrs. Perkins for the Bayfield county land owned by defendant Lien, and the transaction was completed by the execution of proper instruments of transfer.

We find an abundance of evidence in the record to sustain the claim of plaintiff, Mrs. Perkins, that the exchange of properties was induced by the fraudulent and false representations of both defendants. Orfield represented to both Mr. and Mrs. Perkins that the land was sandy loam, with a good well, house and barn thereon, and 20 acres under cultivation. The representation was not true. At the time the transaction was closed, immediately preceding the execution of the papers, both Mr. and Mrs. Perkins pressed defendant Lien for information as to the condition and character of the land, in response to which he handed them a letter which he had received from one Hurd, in which Hurd made substantially the same statements as to the land which Orfield had previously made. Lien made no verbal statements or representations on the subject other than as might be implied by his conduct in presenting the letter to plaintiffs at the time and in response to their request for information, with the

remark "there is a written description of the property." After reading the letter plaintiffs closed the deal.

The evidence does not affirmatively show that either defendant knew anything in particular about the land, but that fact does not relieve them from liability. The assertions or representations as to the character of the land were unqualified and without reservation, and of a character to induce reliance thereon by defendants. Defendants are liable even though they acted in good faith. This is settled law in this state. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485; Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, Ann. Cas. 1918A, 355, and cases there cited. But it is claimed that Mrs. Perkins did not rely upon the representations. The contention is clearly not sustained by the evidence. While Mrs. Perkins testified that when she could get no verbal statement from Lien at the time she was pressing for information, other than the statement made when he handed her the Hurd letter, she was suspicious that something was wrong, she did not know what, that is far from sufficient to take from her the right to rely upon the representations which clearly were made to induce her to enter into the trade. Whether she did rely upon the representations was one of fact, and the evidence supports the verdict. The only information she had on the subject came from defendants.

There were no errors in the instructions to the jury. The instruction that if Lien authorized Orfield to make false representations about the property, and knew that he was making them, and remained silent, then he would be responsible, even though he made no representations himself, is clearly a correct statement of the law. Orfield was Lien's agent and if with Lien's knowledge and acquiescence he misrepresented the property, for the purpose of bringing about a sale or exchange, his conduct in law is that of Lien. The instruction as to the right of the wife to act upon information given her by her husband as to representations made by defendants concerning the land is unobjectionable and correctly advised the jury in reference to that feature of the case.

This covers the case and all questions necessary to be considered in disposing of the points made in support of the appeal. The evidence sup-

ports the verdict as to both defendants, and the record presents no reversible error.

Order affirmed.