GUSTAF ALFRED JOHNSON v. JOHN DONOVAN AND
ANOTHER.[1]

February 4, 1921.

No. 22,096.

**Exchange of property — rescission for fraud.**

1. In an action to rescind a contract for the exchange of real proper-

[1]Reported in 181 N. W. 332.

ties on the ground that it was induced by the fraud of defendant, it is *held* that the findings of the trial court are sustained by the evidence.

### Reliance on independent advice — evidence.

2. The evidence, stated in the opinion, does not justify the conclusion that plaintiff sought and obtained independent advice as to the character of the land, and in making the exchange relied thereon and not upon the representations claimed to have been made by defendants.

Action in the district court for Lincoln county to rescind a contract. The facts are stated at the beginning of the opinion. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Louis P. Johnson,* for appellants.

*James H. Hall* and *Charles W. Stites,* for respondent.

BROWN, C. J.

Action to rescind a contract for the exchange of real properties, in which plaintiff had judgment, and defendants appealed.

The action was tried without a jury, and it appears from the findings of the trial court that plaintiff owned certain real estate situated in the village of Tyler, in this state, of the fair value of $5,000; defendant had title to a tract of 160 acres of land in the county of McHenry, North Dakota, in which defendant Ehret had an interest, and was thus interested in the sale or exchange thereof. Negotiations between the parties in September, 1917, resulted in an agreement by which, on the terms stated in the findings, plaintiff exchanged his Tyler property for the McHenry county land owned by defendants. The court expressly found that to induce and bring about the exchange defendant's agent, who conducted the negotiations, represented that the land was level, free from stones and good agricultural land, all of which could be plowed, and was worth and of the value of between $60 and $80 per acre. The court further found that the representations were untrue and were made to deceive plaintiff; upon which he relied in making the exchange. The court also found that the North Dakota land was not suitable for agricultural purposes, but was sandy and could not be farmed, and was worth not to exceed $10 per acre. The conclusions of law were that the trans-

action be rescinded, and the properties be reconveyed to the respective parties, and judgment was so rendered.

The sole question presented by the assignments of error is whether the findings of the trial court are sustained by the evidence. We answer it in the affirmative. It is unnecessary to discuss the evidence; it would serve no useful purpose. We have carefully read and considered it with the result stated.

The contention of counsel for the defendants that plaintiff did not rely upon any representations made by defendants' agent, all of which were denied by the agent, but sought and obtained information concerning the North Dakota land from an independent disinterested source, is not sustained by the record. The evidence made that, with the other issues in the case, a question of fact for the trial court. It appears in this connection that, when the agent approached plaintiff on the matter of the exchange, he represented the land as heretofore stated, at least plaintiff so testified. This, however, the agent denied. But plaintiff was led to believe, by other conceded statements by the agent, that one Westlund, who was then working on a farm near Tyler, where all the parties resided, had been over the Dakota land and knew all about it, and the agent offered to take plaintiff to him to the end that first hand information might be had concerning the land. Plaintiff accepted the offer and the parties proceeded in the agent's automobile to the residence of Westlund. Upon meeting him the agent requested that he state to plaintiff all he knew about the Dakota land, and to make his statement precisely as he would were he, the agent, not present. Thereupon Westlund commended the land highly, and to the same effect as represented by defendants, as plaintiff claims. Thereafter the transaction was closed. The representations of Westlund were false and untrue. If defendants, on this showing of the manner of securing information from Westlund, are not bound by what Westlund said, the showing is far from one justifying the conclusion that plaintiff, the defrauded party, sought and obtained independent advice, upon which he relied in entering into the contract. The case is not unlike, in point of substance, Perkins v. Orfield, 145 Minn. 68, 176 N. W. 157. See also Chubbuck v. Cleveland, 37 Minn. 466, 35 N. W. 362, 5 Am. St. 864.

The evidence supports the finding and also the conclusion that Ehret

was an interested party and properly made a defendant in the action.
Judgment affirmed.