### COOK *v.* BENNETT & L.

*Practice.*—Where the defendants in an action of trespass plead severally, and have several judgments in the Court below, from which the plaintiff appeals, but neglects to enter and prosecute his appeal in the Court above ; each defendant is entitled, upon his separate complaint, to affirmation of his own judgment, independent of his co-defendant.

THIS was a complaint, for the affirmation of a judgment rendered in the Court of Common Pleas, in an action of trespass, in which *Cook*, and another defendant had pleaded severally, and had obtained several verdicts and judgments, from which the original plaintiffs *Bennett & al.* entered a general appeal to this Court; but now failing to enter and prosecute their appeal, the original defendants filed each his separate complaint, praying for the affirmation of his own judgment.

*Goodenow*, for the respondents, objected that the original defendants ought to have joined in one complaint :—

But THE COURT said that having pleaded severally, and obtained separate judgments for their respective costs in the Court below, each is entitled to the affirmation of his own judgment here, independent of his co-defendant.

———————

### GOWEN *v.* NOWELL.

*Practice.*—In a hearing in chancery upon a penal bond, it is the *plaintiff's* duty to shew how much is due in equity and good conscience.

IN debt on a bond with condition, and judgment rendered for the whole penalty, the defendant prayed to be heard in chancery, and that execution might not issue for more than was due in equity and good conscience, pursuant to the Statute. And a question being made, *whose* duty it was to prove what was the amount equitably due,—THE COURT, after some conversation, held the *onus probandi* to be on the plaintiff.

*Emery*, for the plaintiff.
*Burleigh*, for the defendant.