SARGENT *versus* POMROY & al. .

In a suit for the breach of a bond, given to procure the release of a debtor from arrest *upon mesne process*, the penal sum may be chancered to the amount of the actual damage.

In the absence of proof upon the point, the sum due on the execution recovered in the suit, will be considered the actual damage.

That rule of assessing damage will not be varied by proof that the debtor was without attachable property at a period several months later than the breach of the bond. .

ON FACTS AGREED in the District Court.

DEBT for the breach of a bond, given to procure the release of Pomroy from arrest on *mesne process.* Pomroy made no disclosure upon the bond. Judgment went against him in that suit, and upon the execution he gave a poor debtor's six months' relief bond, from which he was discharged, since the commencement of this suit, by taking the poor debtor's oath.

*Knowles*, for the plaintiff.

*Prentiss* and *Rawson*, for the defendant.

I. The bond is subject to chancery. 22 Maine, 483.

II. The onus of proving damage is on the plaintiff. 2 Greenl. 13 ; 24 Maine, 362. He has offered no proof, and therefore can recover but a nominal sum.

III. The *defendant has* shown, that the breach of the bond was of *no* damage to the plantiff.

1. The object of arresting a debtor on mesne process is to secure his appearance to be taken on the execution. By taking him on the execution, the plaintiff obtained all the benefit intended by the previous arrest.

2. The discharge of Pomroy upon taking the poor debtor's oath on the execution, proves his poverty and that a disclosure on the bond, now in suit, could have been of no benefit to the plaintiff.

WELLS, J. — It has been decided in the cases of *Burbank* v. *Berry*, 22 Maine, 483 and *Waldron* v. *Berry*, Ib. 486,

that a bond, taken to liberate a debtor from arrest on *mesne process*, is subject to chancery under the Revised Statutes. The thirty-sixth and thirty-seventh sections of chap. 148, R. S. relate to the proceedings therein specified, and in the latter, provision is made for the amount for which execution shall issue when the officer, having the execution, shall return that the debtor is not found. The present case does not come within those sections. The bond is subject to chancery, and there is no limitation by statute of the amount for which judgment should be rendered, in the position of this case.

But there are no facts introduced by either party, showing the condition of the debtor as to property, at the time the bond was forfeited. If he had then disclosed and had been possessed of property as mentioned in the thirty-sixth section of the statute, the creditor might have taken the same in the manner therein stated, and obtained satisfaction of his debt, or have arrested the debtor on his execution. It does appear, that he was at a subsequent time arrested on the execution, which issued on the judgment rendered in the action, in which the bond in suit was taken, that he was liberated on giving bond, and was discharged from that by taking the poor debtor's oath. This discharge, it is stated, took place after the commencement of the present suit, but how long afterwards does not appear. No inference can be drawn from that fact, that the debtor was unable to pay the debt, when the forfeiture of the bond in suit took place. He might then have had abundant means to pay all his debts, and the oath, not taken about that time, but at some subsequent and remote period, would have of itself no tendency to show what his ability was at the time of the forfeiture.

The plaintiff proves what he is entitled to recover on the bond by the exhibition of his debt, and if the debtor would reduce that amount by proving his poverty at the time of the breach of its condition, and show that the creditor could not have obtained any thing by the performance of it, the burden of proof is on him to do so. The plaintiff does show

what is due in equity, in accordance with the case of *Gowen* v. *Nowell,* cited in argument.

According to the agreement of the parties, the defendants are to be defaulted for the amount due on the execution against Pomroy, and interest.

*Defendants defaulted.*