HIRAM G. CALL *versus* CHARLES B. FOSTER *& al.*

In debt, on a poor debtor's bond, good only at common law, given to procure a release from an arrest on an execution, damages should be assessed for the amount of the judgment, with interest, in the absence of other testimony.

If an execution creditor execute and deliver to the debtor a sealed release and discharge, purporting to be for value, of a judgment between the parties, after informing the debtor of a prior assignment of such judgment to an innocent purchaser, such release will not avoid the assignment.

ON REPORT from *Nisi Prius,* WALTON, J., presiding.

DEBT on a poor debtor's bond.

It appeared that the judgment on which the execution on which the defendant Foster was arrested, when he gave the bond in suit, was assigned to John S. Abbott for a valuable consideration, and subsequently, and during the pendency of this suit, the plaintiff undertook to release and discharge, by a writing under seal, said judgment, execution and all subsequent suits and proceedings thereon," for a valuable

consideration, to the defendant Foster, after having made known to Foster his prior assignment to Abbott.

The remaining material facts appear in the opinion of the Court.

*John S. Abbott,* for the plaintiff.

*Tallman & Larrabee,* for the defendants.

The opinion of the Court was drawn by

DANFORTH, J. — This case has been once before the Court and it was then decided that the bond in suit is good at common law. It now comes back for a decision of two questions. That of a discharge, and, if not discharged, the amount of damage to be recovered. Some testimony has been introduced bearing upon the discharge, but neither party seems to have argued that point, and an examination of the testimony shows clearly that the discharge was unauthorized and improperly obtained, and is, therefore, without effect.

What damages, then, shall the plaintiff recover? No testimony has been offered by either party as to the ability of the debtor to pay, and none as to the damages suffered by the plaintiff, except the amount of the original judgment. It has been already decided that, in the absence of other testimony, the judgment is the measure of damages. *Sargent* v. *Pomroy & al.,* 33 Maine, 388; *Richards* v. *Morse & als.,* 36 Maine, 240.

An attempt has been made in the argument to distinguish these cases from the one at bar. It is said that these suits were upon statute bonds, while the one at bar is not. This is true, but it is also true, that the bonds in both the cases cited were given to procure the defendant's release from arrest upon *mesne process.* And, in such cases, a statute bond is very different from a statute bond taken on execution. In the former, the statute does not prescribe the amount of damages in case of breach, in the latter it does.

In the case of *Sargent* v. *Pomeroy & als.,* there cited,

it is well settled that a bond taken on mesne process is subject to chancery, though it is a statute bond, and that the plaintiff can recover only his actual damage. But it is also held that, when he shows the amount of his judgment, he shows the amount of his damage, unless the defendant offers some proof which should control it. So, in regard to bonds taken on execution, though not statute bonds, they are still valid, as is the bond under consideration, and are subject to chancery. The same rule, then, in assessing damages, so far as the amount goes, must be applied in each case, and, upon this question of damages, no distinction is perceived between the case at bar and those cited. No case has been cited, and it is believed none can be, in which a different rule prevails. In many of the cases reported, the damages assessed have been less than the debt, but in all such cases, so far as we have been able to ascertain, the damages were reduced by proof on the part of the defendant. This rule seems to be just, as well as sustained by authority. In the bond, the amount of the judgment is admitted, and one of the conditions is that the debtor shall pay that amount. A breach of this condition leaves no room to doubt the amount of damage the plaintiff has suffered. If he is unable to perform this one, he may still relieve himself by performing the others, and, if he fails to perform the others, it is but fair to presume that he failed or neglected to do so because he might have complied with the first, and this presumption should prevail until overcome by proof. We see no reason for disturbing the principle settled in the cases cited. They leave the burden of proof upon the plaintiff, and are consistent with the case of *Gowen* v. *Nowell*, 2 Greenleaf, 13, cited by defendant.

The plaintiff must have execution for the amount of his judgment, including interest and costs.

APPLETON, C. J., CUTTING, DAVIS, WALTON and BARROWS, JJ., concurred.