THOMAS R. H. DEPUY *et al.*, Appellants, *v.* AUSTIN STRONG *et al.*, Respondents.

The law in this State, that tenants in common must all join in an action of trespass to recover damages for injuries to real estate held in common, has not been changed by the Code.

Where a defect of parties appears upon the face of a complaint, it can be made available to the defendant only by demurrer, and not by answer setting up the defect of parties as a defense.

Where, in such case, the demurrer is overruled, the only remedy is by appeal.

*Samuel Hand* and *James Mathews*, for the appellants.

*Amasa J. Parker*, for the respondents.

GROVER, J.    The law in this State prior to the enactment of the Code, was settled, that tenants in common must all join in an action of trespass to recover damages for injuries to real estate held in common. (*Hill* v. *Gibbs*, and cases cited, 5 Hill, 56.)    The rule applied to personal and not to real actions.    It was founded upon the idea that it was an injury to the possession, and that as the possession of one tenant in common was regarded as the possession of all, the injury was to their joint right, and therefore all must join in prosecuting the remedy.    The law having been so determined, it must still be so held unless changed by the legislature.    It is claimed that section 111 of the Code has changed the law in this respect.    That section provides that every action must be prosecuted in the name of the real party in interest, with exceptions not applicable to the present case.    The only change effected by this provision was, to enable courts of law to treat assignments of certain choses in action as transferring the legal title, which, at common law, transferred only the equitable.    The rule at the common law was, that the owner of the legal title must sue.    Section 119 has (I think) no bearing upon the question in this case.    That provides that those united in interest must be joined as plaintiffs or defendants;

but if the consent of any one who should have joined as plaintiff cannot be obtained, he may be made a defendant; the reason thereof being stated in the complaint. This clearly does not authorize the omission of a party which the existing law required. It is said that it would be incongruous to make one tenant in common a co-defendant with a trespasser, upon his refusal to join as plaintiff. This is so, but the answer is, that that is the only remedy provided by the Code for a case when before if he refused to join as plaintiff, his co-tenant could not maintain an action at all unless the court, upon the special facts, permitted his name to be used as plaintiff. I think it clear that the Code has not changed the law as to the requisite parties in this class of actions. The question arises as to the mode in which the defendant may avail himself of the omission to join a co-tenant as plaintiff. Previous to the Code this could only be done by demurrer where the defect appeared upon the margin, or in case it did not, by plea in abatement. The latter plea has been abolished by the Code. The only mode provided for presenting a defense being by demurrer or answer, section 144, among other things, provides that a defendant may demur to the complaint when it shall appear upon the face thereof that there is a defect of parties plaintiff or defendant. In the present case, the defect of parties plaintiff did appear upon the face of the complaint. The plaintiffs alleged that they owned an undivided interest in the land. The remaining interest must of necessity have been owned by others, either as joint tenants or tenants in common with the plaintiffs. In either case the co-tenants were necessary parties. One mode of presenting this question, provided by the Code, was by demurring to the complaint. This the defendants interposed. The Special Term erroneously overruled it, and gave the defendants leave to answer. The defendants answered, setting up, among other defenses, the defect of parties plaintiff. This was an abandonment of the demurrer, and placed the case in the same position as though none had been interposed. It remains to inquire whether in case the defect does appear upon the face of the

complaint it can be made available by answer. This inquiry is answered by section 147. That provides that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer. This clearly implies that when the defect appears upon the face of the complaint, it is available only by a demurrer to the complaint. This being so, setting it up in the answer is a mere nullity. The defendants, instead of answering, should have appealed from the judgment ordered upon the demurrer. It has been repeatedly held by this court that defects of this description must be insisted upon in the mode provided by the Code, or they are waived. (33 N. Y. 43; 32 id. 635.)

The judgment appealed from must be reversed and a new trial ordered. If the defendant has any relief under the peculiar facts of this case, it is by obtaining leave in the Supreme Court to withdraw his answer, and let judgment be entered upon the demurrer.

Judgment reversed.