## DAVIS v. DUFFIE.

September, 1867.

Affirming 8 Bosw. 617.

Service of process upon a convict in the State prison is valid, and gives the court jurisdiction.

The suspension of civil rights declared by 2 R. S. 701, § 19, to be the effect of a sentence to State prison, does not give the convict any immunity from actions, nor suspend the rights of others.

The statute allowing such prisoners to be proceeded against as absent debtors, is not exclusive of the ordinary remedy by action.

Smith and Oliver Davis brought this action in the superior court, against Cornelius R. Duffie and others, to redeem certain lands, situated in said city, from the effect and lien of a mortgage covering the same, made by the plaintiff, Smith Davis, to the defendant, Cornelius R. Duffie, dated March 8, 1838, which mortgage was given to secure the payment of one hundred dollars, and interest, within two years from its date.

*The court*, at special term, gave judgment for the plaintiffs,— holding that they were entitled to redeem the premises from the lien of the mortgage, and determining the rights of the parties defendant, who had acquired an interest therein. (Reported in 18 *Abb. Pr.* 360.)

On appeal the general term reversed the judgment, and ordeed a new trial. (Reported in 8 *Bosw.* 617.)

Plaintiffs appealed to this court, stipulating that, in case the order should be affirmed, judgment absolute might be rendered against them.

*Edmonds & Field*, for plaintiffs, appellants.—The service on Davis in prison was void. 2 *Rev. Stat.* 701, § 19; and see Troup *v.* Wood, 4 *Johns. Ch.* 228; O'Brien *v.* Hagan, 1 *Duer*, 664; Freeman *v.* Frank, 10 *Abb. Pr.* 370; Miller *v.* Finkle, 1 *Park. Cr.* 374. The effect on a convict for a term of years is the same as on one for life. The only way for the mortgagee to proceed against the mortgagor was under the statute as against an absconding debtor. 2 *Rev. Stat.* 15, art. II. The statute of limitations was no bar.

*H. W. Robinson* and *Messrs. Owen & Mitchell,* for respondents. —The service in prison was valid and regular. *Hoffm. Ch. Pr.* 109; 1 *Dan. Ch. Pr.* 64, 566; 1 *Barb. Ch. Pr.* 50, 51; *Hind Ch. Pr.* 85; Johnson v. Johnson, *Walk. (Mic.) Ch.* 309; Phelps v. Phelps, 7 *Paige,* 150; Joyce v. Joyce, 1 *Hogan,* 121. The attainder did not affect the prisoner's liability. 1 *Chitt. Cr. L.* 725; 1 *Chitt. on Contr.* 184; 1 *Chitt. Pl.* 481; *Foster Crown L.* 61, 63; Bannyster v. Trussett, *Cro. Eliz.* 516; Hastings v. Blake, 1 *Noy,* 1; 1 *Vin. Abr.* "Attainder," B, 3; Ramsey v. McDonald, 1 *Wm. Blackst.* 30; S. C., 1 *Wils.* 217; Dunham v. Drake, *Coxe (N. J.)* 315. He might still appear by attorney. 2 *Andr.* 38, 42; Ramsay v. McDonald, *supra;* Coppin v. Gunner, 2 *Ld. Raym.* 1572; Harvey v. Jacobs, 1 *Barn. & A.* 169; Barrett v. Power, 25 *Eng. L. & Eq.* 524; and see *Saund. Ev.* 733; *Com. Dig.* tit. "Capacity," D, 6; Doe v. Griffith, 5 *Barn. & A.* 765; *Shep. Touchst.* 232. He cannot take advantage of his own wrong. Dunham v. Drake, *Coxe (N. J.)* 315. He was a necessary party, because a reversal of his conviction would avoid the effect of judgments against him (Wambaugh v. Gates, 8 *N. Y.* (4 *Seld.*) 138; Miller v. Finkle, 1 *Park. Cr.* 377), unless an immediate sale has been made by the trustees. 2 *R. S.* 375, § 68. It was within the common law powers of the court to adopt a substituted service. Dunn v. Dunn, 4 *Paige,* 425. The statute suspending his civil rights does not interfere with the power of the court to proceed *against* him. It was merely declaratory. Rev. Notes, 3 *R. S.* 2 ed. 835. It is *his* rights which are suspended. 2 *Petersd. Abr.* 491, "Attainder;" *Exp.* Bullock, 14 *Ves. Jr.* 452; Bullock v. Dodd, 2 *Barn. & A.* 258; Roberts v. Walker, 1 *Russ. & M.* 752; Stokes v. Holden, 1 *Keen,* 145; 2 *Leach C. C.* 966; *Webst. Dict.* "Civil;" 4 *Blackst. Com.* 373, 382. 2. He was not "civilly dead." Platner v. Sherwood, 6 *Johns. Ch.* 120. 3. Nor had he forfeited his property. 2 *R. S.* 701, § 22. 4. The statute does not in terms or by implication impose new disabilities, nor interfere with rights of action against him. The statute (2 *Rev. Stat.* 15, § 1) for appointing trustees of imprisoned debtors, does not apply to this case. 1. It is merely for the preservation of the debtor's estate. 2. It is merely permissive, not prohibitory. Malcom v. Rogers, 5 *Cow.* 188; N. & C. Turnpike Co. v. Miller, 5 *Johns. Ch.* 101; Smith

*v.* Lockwood, 13 *Barb.* 217. 3 It only furnishes a cumulative remedy, without taking away the common law remedies. Almy *v.* Harris, 5 *Johns.* 175; Colden *v.* Eldred, 15 *Id.* 220 ; Farmer's Turnpike Co. *v.* Coventry, 10 *Id.* 389. 4. It was originally a proceeding which only a creditor could originate. 1 *R. L.* 164, § 29. 5. He would be a necessary party, even if trustees had been appointed. 1 *Dan. Ch. Pr.* 256. 6. As mere mortgagee, the plaintiff was not a creditor. Culver *v.* Sisson. 3 *N. Y.* (3 *Comst.*) 264; Murray *v.* Smith, 1 *Duer*, 412. 7. This statute extends to prisoners whose civil rights are not suspended. 8. The construction claimed would take away the common law remedy by action, and would be unconstitutional. Wynhamer *v.* People, 13 *N. Y.* (3 *Kern.*) 387. 9. A creditor by mortgage, to become a petitioning creditor under it, must relinquish his security. 2 *R. S.* 36, § 11; *Id.* 14.

BY THE COURT.—BOCKES, J.—The record shows that on September 2, 1839, the mortgagor, Smith Davis, was convicted of forgery in the second degree, and was sentenced to the State prison at Sing Sing, for seven years from that time, and that he was confined there during the period of his sentence.

That while he was there in confinement the mortgagee took proceedings to foreclose the mortgage in the court of chancery, before the vice-chancellor of the first circuit, and on September 10, 1840, obtained a decree of foreclosure and sale, under which decree a sale was had, and the defendant Duffie, the mortgagee, became the purchaser of the mortgaged premises. Davis was a party to the foreclosure suit. The subpœna issued therein was served on him while imprisoned in the State prison, under the aforesaid sentence, and also on the keeper of the prison. On these facts the question is presented, whether Davis, the mortgagor, was bound by the foreclosure, and his right of redemption thereby barred. It is insisted, on the part of the plaintiffs, that the service of process on him in prison, under sentence for felony, was unauthorized, illegal, and void; and this position is based on the statute, which declares that "a sentence of imprisonment in a State prison, for any term less than for life, suspends all the civil rights of the person so sentenced, . .

. . during the term of such imprisonment." 2 *R. S.* 701, § 19.

It is plain, I think, that the convict can claim no immunity under this provision of the statute. It purpose was not to give him rights or privileges which he would not have if free, or unaffected by a conviction and sentence for a criminal offense. Its language is, that the sentence " suspends all the the civil rights of the person so sentenced "—not the rights of others against him.

I concur unreservedly in the remarks of Judge BOSWORTH, where he says that " Duffie's mortgage lien was not impaired by Davis's guilt or conviction; his right to foreclose remained unaffected ;" and further, that if Duffie could not procure a regular, valid decree while Davis was in prison, that it will follow that his conviction and sentence not only suspended his civil rights, but the rights of others against him.

This result was neither effected or intended by the statute. It was decided in Phelps *v.* Phelps, 7 *Paige,* 150, that service upon a convict in the State prison, as in this case, was regular and valid to confer jurisdiction ; and this has been the settled rule of law and practice both in England and in this country for a long period of time. 2 *Madd. Ch. Pr.* 200; 1 *Hoffm. Ch. Pr.* 109 ; 1 *Barb. Ch. Pr.* 50, 51. Even if Davis could be deemed civilly dead, as would have been his condition had he been sentenced to imprisonment for life (2 *R. S.* 701, § 20), still he would have been answerable to his creditors, according to the usual practice of the courts. CHITTY says: " This situation of *civiliter mortuus* is never allowed to protect him from the claims of private individuals or the necessities of public justice ; so that, although he can bring no action against another, he may be sued, and execution may be taken out against him." See also remarks of Chancellor KENT in Platner *v.* Sherwood, 6 *Johns. Ch.* 130, 131. Indeed, the decisions are uniform, that although the right of a convict to prosecute an action is suspended, and his property in some instances forfeited, still he may be sued, and the suit against him may be prosecuted to judgment.

Nor is this right taken from a creditor by the provision of statute declaring that persons imprisoned in the State prison, other than persons adjudged to imprisonment for life, shall be

deemed absconding debtors, within the purview of the act providing for relief against absconding and absent debtors. This act was intended to enlarge the rights of creditors, not to limit or restrict them, in regard to persons under confinement as criminals. This subject is fully considered by Mr. Justice Bosworth in his opinion on the appeal in the court below, and with his reasoning and conclusion on this, as well as on all the other questions in the case, we entirely concur.

The order appealed from must be affirmed, with costs, and judgment absolute against the plaintiffs rendered, pursuant to the stipulation served with the notice of appeal.

All the judges concurred in the result.

Order affirmed, and judgment absolute for plaintiffs, with costs.