JOHN SLADE *et al. against* DAVID JOSEPH, IMPLEADED.

ROBERT W. ABORN *et al. against* SAME.

WILLIAM C. LANGLEY *et al. against* SAME.

WILLIAM H. MACKINTOSH *et al. against* SAME.

BENJAMIN A. FARNHAM *et al. against* SAME.

GEORGE O. HOVEY *et al. against* SAME.

A person indicted in this State, and brought here from another State by process of extradition, may be arrested here on civil process issued at the suit of persons who have not connived at or been instrumental in procuring his indictment and extradition.

A person in custody on a criminal charge may, before or after conviction, be served with civil process.

A positive sworn statement by a person as to facts not within his actual knowledge—*e. g.*, the acts of another person not done in his presence—if made without any explanation as to how he became acquainted with the facts, is not entitled to any credit.

APPEAL in first five cases by defendant from order of special term denying motion to vacate order of arrest.

Appeal in sixth case by plaintiffs from order of special term vacating order of arrest.

The facts are stated in the opinion.

*Gratz Nathan*, for Joseph, appellant in first five cases and respondent in sixth case.

*Martin & Smith*, for respondents in first five cases and for appellants in sixth case.

ROBINSON, J.—The defendant David Joseph applied to set aside orders of arrest granted against him in these six actions under § 179 of the Code, for fraud by false pretenses in contracting the debts in suit, claiming, first, that the charge of fraud was groundless, and, second, that he had been brought into this State from the State of Ohio where he resided, as a criminal charged with such fraud upon his creditors upon an extradition warrant, after indictment obtained at the instance of his creditors, and with the sole view of subjecting him to the service of orders of arrest in the civil actions commenced against him; that he was accordingly brought to this city and lodged in prison until he was released on bail on or about the 7th day of January, 1870 ; that in the mean time orders of arrest in these and other actions had been procured and placed in the sheriff's hands for service when he should be released from imprisonment on the criminal proceeding ; and that on such release he was immediately arrested at the suit of said George O. Hovey and others plaintiffs (No. 6), and also in two other actions by plaintiffs not parties to this appeal, and taken to jail, where the orders of arrest were subsequently served on him in the other five actions above named. The various creditors upon whose complaints the indictments were procured, were none of them plaintiffs in any of these actions, but the defendant states that the indictments were procured to be found by William S. Dunn "and the creditors *generally* of the said defendants in the city of New York *including the plaintiffs in*

*the above entitled actions,*" but states no facts within his knowledge upon which such a statement is predicated. As appears from his affidavit, he was then in Ohio, and he fails to explain how he is able to state with such positiveness so general a fact in respect to so many other parties and their acts and conduct in the city of New York. If one swear to a fact without actual knowledge " then it is legal false swearing," although what he swears to may prove in fact to be true (Russ. on Crimes, 1753 ; *Commonwealth* v. *Cornish,* 6 Binn. 249 ; *Carroll* v. *Charter Oak Ins. Co.* 10 Abb. [U. S.] 175). His statement, unexplained by any suggestion how he could possibly know the facts sworn to, disentitled it to any credit. It is in no way supported by any affirmative evidence beyond mere hearsay, and is contradicted by an affidavit of a member of each of these plaintiffs firms, assuming to speak positively for himself and co-plaintiffs, denying any complicity in the procuring of the indictments or in the extradition proceedings.

It was conceded upon the argument of these appeals that the defendant had not so far produced evidence in contradiction to the charges of fraud, as would warrant a reversal or vacation of the orders of arrest to be made because he had shown himself innocent of the charge, but his discharge from those orders is claimed on the ground of complicity of these several plaintiffs in the extradition proceedings instituted in bad faith, and with a single view of bringing the defendant within the jurisdiction of this court, in order that the orders of arrest should be served on him in civil actions. A perusal of the affidavits on these appeals will fail to show by any satisfactory proof, that any of the plaintiffs in these several actions in any way participated in or connived at the indictment or extradition of the defendant, or did anything beyond availing themselves of his presence in this State after being so brought here at the instance and through the agency of other creditors, to serve process by order of arrest upon him.

I fail to discover from the papers submitted, any legal evidence of deceitful action by those other creditors in procuring defendant's extradition. He has never been discharged from the indictments. He is merely discharged from imprisonment.

in the county jail, upon giving bail for his appearance to an-
swer the criminal charges made against him. If predicated
upon like conduct as that disclosed in reference to these several
plaintiffs (and the papers so indicate), his criminality scarcely
admits of a doubt, and upon what consideration he induced
some of those creditors to allow and favor his release on bail
does not appear. Even if those creditors or any of them, pro-
cured his extradition with the deceitful purpose of bringing
him here and subjecting him to civil process, no such scheme
is justly imputable to any of these plaintiffs, upon any proofs
furnished by the appeal papers. It is well settled that a per-
son in custody upon a criminal charge, may before or after con-
viction, be served with civil process. One under conviction or
arrest, under such criminal proceedings, has no immunity be-
yond what may be claimed by one innocent of crime, or free
from such a charge or suspicion (*Davis* v. *Duffie*, 3 Keyes, 605 ;
s. c. 1 Abb. Ct. App. Dec. 486; *Dunham* v. *Drake*, Coxe
[N. J.], 315). The exception to this rule exists where the
debtor has been brought into this State, by or through the
connivance of the creditor, upon the mere pretext of a crimi-
nal charge, in order to subject him here to service of civil pro-
cess by arrest or otherwise. Courts of record, also, will not
tolerate service of process on any person who for that purpose
has been deceitfully brought within their jurisdiction, they will
also protect from arrest " *eundo et redeundo*," not only parties,
but also witnesses, who in obedience to its process, or *in fur-
therance of its proceedings*, appear within its jurisdiction. The
defendant establishes no case within any of these exceptions, to
the general efficiency of the process of the court by way of
order of arrest.

The fact that the order of arrest in the sixth suit brought by
Hovey and others, was in the hands of the sheriff, a day or two
before the defendant was released from the criminal charge
(affidavit for and order of arrest, January 5th, 1870; returned,
January 7th, 1870), as has already been stated, furnish no
ground for maintaining a charge that they connived at the pre-
vious proceedings, under which defendant was brought into
the State, in December, 1869. In the five other suits, the

orders of arrest were not procured until the 10th day of January, 1870, three days after his release on bail from the criminal charge.

Under these views, the order denying the motion to vacate the orders of arrest in the first five actions should be affirmed, and that discharging such order of arrest in the Hovey suit (No. 6) should be reversed.

DALY, Ch. J., and LARREMORE, J., concurred.

Order in first five cases affirmed; order in sixth case reversed.