WILLIAM E. BOWEN *vs.* ROBERT H. WHITE *et al.*

PROVIDENCE—FEBRUARY 29, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Pleading. Arrest of Judgment. Formal Defects.*

An omission of the formal concluding words of a pleading can not be taken advantage of by motion in arrest of judgment.

Judgment will not be arrested for lack of an essential averment in the declaration which is contained by implication in averments used.

(2) *Covenant. Bonds. Pleading. Verdicts.*

In an action of covenant on a bond to secure the performance of an agreement, defendant (a surety) pleaded specially, and the jury returned a verdict, that "the defendant did covenant and does owe, in manner and form etc., and assess damages for the plaintiff, etc." On motion in arrest of judgment:—

*Held,* that, as the action was on the bond and not on the agreement, the issues were upon the assigned breaches of the agreement and whether the conduct of the plaintiff had excused performance.

*Held,* further, that the verdict did not decide the issues and was in violation of the statute in that it proceeded to chancerize the bond before judgment.

*Held,* further, that, while the verdict was a nullity and a motion in arrest of judgment would have been granted at common law, it was more in accordance with the practice of this State, as the declaration stated a good cause of action and the parties had come to issue on the merits, to grant a new trial.

(3) *Evidence.*

Documentary evidence offered by defendant in cross-examination of plaintiff is properly ruled out at such time where it forms part of the defendant's case in defence.

(4) *Evidence. New Trial. Motion to Strike Out Testimony.*

An exception will not lie to the refusal of the court to order certain testimony stricken out, which had been given in the hearing of the jury, where no request was made to the court to direct the jury to disregard it.

(5) *Evidence.  Manufactured Testimony.*

A letter written by a party can not be offered by him in evidence of the facts therein stated where it is not clear that it was voluntarily and spontaneously made so nearly in the presence of the transaction as to exclude the idea of design or deliberation.

COVENANT.  Heard on petition of defendant for new trial, and granted.

DOUGLAS, J.  This is an action brought to recover for breach of the conditions of a bond made by Edward I. White as principal and Robert H. White and J. B. LeBarron as sureties, to secure the performance of a certain agreement, under seal, between the plaintiff and the defendant Edward I. White, binding the parties to furnish and receive certain quantities of ice.  Robert H. White only was served with process, the others named as defendants being without the jurisdiction.  The declaration commences in covenant but concludes as in debt.

The pleas are:

First.  That the plaintiff refused to perform his part of the agreement, whereby the defendant Edward I. White was excused from performing his part.

Second.  That the plaintiff refused to accept a certain large quantity of ice, whereby the defendant Edward I. White was discharged from the obligation of the agreement.

The plaintiff traversed the first plea and concluded to the country.

To the second plea he replied that the ice alleged to have been shipped was of an inferior quality to that called for by the agreement, and concluded with a verification.  We do not find any further pleading, but the parties evidently considered themselves at issue upon the first plea and the second replication, for the case was called and tried before a jury and a verdict rendered as follows:

"The jury find that the defendant Robert H. White did covenant and does owe in manner and form as the plaintiff has in his declaration thereof complained against him, and assess damages for the plaintiff in the sum of $2,500."

The defendant thereupon moved in arrest of judgment on the grounds:

First. That the only breaches assigned in the declaration are breaches of the condition in the bond and that no breach of the covenant to pay the bond is assigned.

Second. That the verdict was wrong in form in that it did not find that the covenant to pay the penal amount of the bond was broken, and that it illegally assessed damages and attempted to chancerize the bond.

Subsequently, within the time allowed by the court, a statement of the evidence was duly presented and the defendant filed a motion for a new trial—

1. Because the verdict was against the evidence.

2. Because the court erred in its rulings and in its charge to the jury.

3. Because the court overruled the motion of the defendant in arrest of judgment.

The last ground is superfluous and inaccurate, as the motion in arrest was not overruled but immediately certified to this division under Gen. Laws cap. 251, § 9, and is now before this division for consideration.

(1) The defect in the declaration is one of form, and an omission of the formal concluding words of a pleading can not be taken advantage of by motion in arrest of judgment. Black Judg. § 100, n. 30.

There is an allegation that the agreement has been violated whereby the condition of the bond was broken and the penal sum was forfeited, and that it has not been paid, to the damage of the plaintiff, etc. The words "whereby an action hath accrued," etc., which are appropriate to an action of debt, may be treated as surplusage.

Judgment will not be arrested for lack of an essential averment in the declaration which is contained by implication in averments used. Black Judg. § 100 (144).

In *Douglas* v. *Hennessy*, 15 R. I. 279, the declaration concluded, "yet the defendant hath not paid said sum nor the penal sum of said bond, nor any part of the same," etc.

(2) The objection to the verdict is well taken. It does not

decide the issues which arose upon the pleadings, and it proceeds in violation of the statute to chancerize the bond before judgment.

The court and counsel seem to have lost sight of the fact that the action was upon the bond, not on the agreement which it secured. No doubt the plaintiff might have sued upon the covenants of the agreement, but the defendant who appeared here was not a party to that document; he could only be reached as surety on the bond. As the condition of the bond was that the agreement should be kept, it was proper for the plaintiff to assign breaches of the agreement upon which he founded his claim, that the bond had been forfeited, and the issues made up were whether the conduct of the plaintiff had excused the performance of those covenants, and, particularly, whether the plaintiff had shipped ice of an inferior quality. During the progress of the trial the rule of computing damages was discussed as if that were a question for the jury, and the court charged the jury, amongst other things, as follows:

"Gentlemen: How much does Mr. Bowen owe to the defendants, if anything? How much should the defendants pay to Mr. Bowen, if anything, is simply the question you have here."

Having listened to this discussion and having received this instruction, we are not surprised that the jury should have returned the extraordinary verdict which they brought in, though we should have expected the plaintiff's counsel to see that the formal verdict was properly drawn for the signature of the foreman. The jury should have found affirmatively or negatively upon the issues, which, like all issues in the action of covenant, were special. Then, after judgment for the penal sum of the bond, the court or another jury should have assessed the damages, according to equity and good conscience. Gen. Laws cap. 246, § 4.

This verdict being a nullity, *Foster* v. *Jackson*, Hob. 124, a motion in arrest of judgment would have been granted at common law. 3 Bl. Com. 393; Black. Judg. § 96. As the declaration in this case, however, states a good cause of

action, and the parties came to issues on the merits of the case, it seems more in accordance with our practice, as well as more conducive to justice, to grant a new trial. It is said in Black. Judg., § 96: "Indeed, a motion in arrest of judgment is now usually coupled with a motion for a new trial, the latter being the real and important object of the application."

(3)     The first exception of the defendant was taken to the rejection of a certain agreement between the plaintiff and a third party, whereby the plaintiff agreed not to use ice from any person but this party. The agreement was not marked for identification and forms no part of the allowed statement. Defendants' counsel offered the paper in evidence as showing a motive for the plaintiff to desire the contract in suit to be abrogated.

We think the existence of such a motive might have some bearing on the credibility of the witness, but the court was right in rejecting it as evidence offered by the defendant before the plaintiff had rested his case. The court says: "I think you had better put in your defence and then you might open the door to let this in," and it was to this ruling that the defendants' exception was taken.

(4)     The second exception arose from the refusal of the court to grant a motion to strike out certain testimony relating to a conversation supposed to have been held by a witness with one of the defendants. The witness could not identify either of the defendants as the person with whom he had the conversation. All the testimony had been given in the hearing of the jury, and it is difficult to see what effect the granting of a motion to strike out could have had. The court might have been asked to direct the jury to disregard it, and probably would have done so.

(5)     The next exception is to the admission in evidence of a letter written by himself which the plaintiff offered, in which he says that the ice he has received is bad. The circumstances attending the writing of this letter seem to indicate that it was written for the purpose of making evidence for himself, and we think it should have been excluded. It is not clear that it

was voluntarily and spontaneously made so nearly in the presence of the transaction to which it relates as necessarily to exclude the idea of design or deliberation. *Louisville, New Albany, &c., R. R. Co.* v. *Buck,* 2 L. R. A. 520; 24 A. & E. Ency. Law, 2d ed. 665.

In *White* v. *Berry,* 24 R. I. 74, 75, it was said by Tillinghast, J.: "It needs no argument to show that a party to an action can not write a letter after the happening of the acts complained of by him and then use it himself as evidence of the existence of the facts therein stated."

As the verdict is irresponsive to the issues, it is immaterial whether the evidence supports it or not.

The case will be remanded to the Common Pleas Division for a new trial, after such amendment of the declaration and pleadings as the court may allow.

*George N. Bliss, John P. Beagan, and William C. Bliss,* for plaintiff.

*Willard B. Tanner,* for defendants.