THOMAS D. TAYLOR FOR WRIT OF HABEAS CORPUS.

MAY 1, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Arrest of Non-Resident invited into Jurisdiction. Habeas Corpus.*

To invalidate process lawful in form, because the defendant is not a resident of the jurisdiction of the court, it must appear that he has been brought into the jurisdiction by fraud to which the plaintiff was privy.

Where defendant was invited to come into this State, for the purpose of meeting plaintiff, by parties, one of whom was an employee of plaintiff, but plaintiff knew nothing of his coming for such purpose, and had previously notified those by whom defendant was invited that he would not authorize such action, and they gave the invitation for their own purpose and in ignorance of the intention of plaintiff to commence an action against defendant, after arrest of defendant, petition for *habeas corpus* denied.

Habeas Corpus, on facts set out in opinion. Petition denied.

Douglas, C. J. This is a petition for the writ of *habeas corpus*. The petitioner is one of the defendants in an action of trespass on the case for conspiracy, brought by the receiver of the New England Trust Company against this petitioner and others who were or had been directors or officers of said company, and is confined in the Providence county jail for want of bail on the original writ in such action.

The petition alleges that the petitioner, a citizen of Massachusetts, was unlawfully enticed by the plaintiff within the jurisdiction of the courts of this State by representations, made by the plaintiff through his agents and servants, that he desired a friendly conference with the petitioner as to the affairs of the New England Trust Company, which representations were made for the purpose of enabling the plaintiff, as such receiver, to serve a writ of arrest upon the petitioner, and for no other purpose.

The case presented by the petitioner was, on its face, strongly corroborative of his allegations; but the effect of the suspicious circumstances surrounding the arrest was, in our opinion, overcome by the explanation of the receiver.

It is shown by the evidence that the petitioner was invited to come to Providence, for the purpose of meeting the receiver, by the act of three of the former directors of the New England Trust Company, one of whom was at the time an employee of the receiver, and that while in Providence for the purpose of meeting the receiver, the petitioner was arrested at his suit. It, however, further appears that the receiver had no knowledge that the petitioner had come into the State for the purpose of meeting him, and the directors who had issued the invitation

had been informed that the receiver would not authorize such action, but proceeded upon their own motion and for their own purposes, and in ignorance of the intention of the receiver to commence an action against the petitioner.

It appears affirmatively that the directors did not issue the invitation for the purpose of enabling the receiver to get service of his writ, and that the receiver made service of the writ without knowledge of the action of the directors.

The allegations of the petition are, therefore, disproved in three important particulars:

The representations were not fraudulent and were not made for the purpose of effecting the service of the writ, and the receiver was not privy to them or even cognizant of them at the time the writ was served.

The principle of law which would be applicable to this case if the facts were as alleged is thus stated by Mr. Justice Clifford in *Union Sugar Refinery* v. *Mathiesson et al.*, 2 Cliff. (U. S.) 304, 309: "Where the defendant, residing in another district, is inveigled, enticed, and induced to come into the district where the plaintiff resides, by the false representations or deceptive contrivances of the plaintiff, or of any one acting in his behalf, for the purpose of serving legal process upon the defendant, and the same is served through such improper means, such service is illegal and ought to be set aside." The same doctrine is substantially held by all the authorities which have been cited to us. See 3 Cyc. 920; *Byler* v. *Jones*, 22 Mo. App. 623; *Ilsley* v. *Nichols*, 12 Pick. 270; *Chubbuck* v. *Cleveland*, 37 Minn. 466; *Townsend* v. *Smith*, 47 Wis. 623; *Wanzer* v. *Bright*, 52 Ill. 35; *Hill* v. *Goodrich*, 32 Conn. 590; *Smith* v. *Meyers*, 1 Thompson & Cook (N. Y.), 665; *Stein* v. *Valkenhuysen*, Ellis, Blackburn & Ellis, 65; *Higgins* v. *Dewey*, 39 New York State Rep. 94; *Williams* v. *Reed*, 29 N. J. L. Rep. 385; *Nichols* v. *Goodheart*, 5 Ill. App. 574; *Slade* v. *Joseph*, 5 Daly, 187; *Van Horn* v. *Great Western Mfg. Co.*, 37 Kas. 523; *Union Sugar Refinery* v. *Mathiesson et al.*, 2 Cliff. (U. S.), 304 at 309; *Steiger* v. *Bonn*, 59 How. Pr. 496 (1880); *Wood* v. *Wood*, 78 Ky. 624; *Ex-parte Everts*, 2 Disney, 33 (1858). These cases all proceed

upon the fundamental principle that no man can be allowed to profit by his own fraud.

(1)    To invalidate process lawful in form because the defendant is not a resident of the jurisdiction of the court, it must appear that he has been brought into the jurisdiction by fraud to which the plaintiff was privy.    No case has been cited to us where such service was held invalid except upon evidence, either direct or inferential, of fraud and of the privity of the plaintiff in the deceit.    Any more stringent rule would require a plaintiff, before causing service of a writ upon a defendant whom he finds within the jurisdiction, to inquire how he came there and to ascertain that he had not been invited by other persons for some improper purpose.    To impose such a burden upon a suitor seems to us to be unreasonable.

As we find that the service of the writ in this case was not procured by fraud of the plaintiff or his agents, the writ prayed for is denied.

*John L. Bates and Charles A. Wilson*, for petitioner.

*Comstock & Canning and Patrick P. Curran*, for John P. Beagan, receiver of New England Trust Company.