LaBrosse Realty Corporation *vs.* George W. Sabre.

DECEMBER 20, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is an action in assumpsit brought by a real estate broker to recover the balance, alleged to be

due, of a commission for the sale of real estate. The trial in the Superior Court resulted in a verdict for the plaintiff for $221 and the case is before us on the defendant's exception to the admission of evidence and on an exception to the refusal of the trial court to grant a new trial.

The real estate which was the subject of sale was situated in the city of Cranston. The plaintiff contended that the defendant agreed to pay, in the event that a sale was effected, a commission of 5%, the rate for unimproved real estate in the city of Pawtucket. The defendant contended that the agreement was that he would pay the regular commission, as fixed by the rules of the Providence Real Estate Exchange, which was 3%.

The defendant's first exception is to the introduction of a writing signed by the plaintiff. The writing is as follows:

"In consideration of the reduced price at which property is sold, we hereby agree to accept, instead of the regular 5% commission, the amount of ($325.00) Three Hundred Dollars and Twenty-five as our full commission for the sale of 27 lots from George W. Sabre to Hill & Lacross Co.

This commission is, as usual, payable by the seller.

LaBrosse Realty Corp.
by R. DeB. LaBrosse.
Nov. 24, 1923.                    Vie Pres."

The vice president of the plaintiff corporation testified that at the time the sale was completed he showed the writing to the defendant. The defendant testified that he never saw it, and the writing was admitted, either "in rebuttal" of the defendant's testimony that the writing was not shown to him, or for the purpose of impeaching his testimony.

Rule 19 of the Superior Court was called to the attention of said justice. Said rule is as follows: "No paper which is not set forth or substantially stated in the pleadings, other than a paper written or signed by a party, or by a

witness when such paper is offered for the purpose of impeaching his testimony, shall be used by either party as evidence before the jury unless notice of the same, embracing a description of the substance thereof, shall be given to the opposite party at least three days before the trial, if the cause be then at issue, except the court may otherwise order." It is admitted that the rule was not complied with. Furthermore, a paper is not admissible under this rule simply because it is signed by the party who wishes to introduce it, and the paper which was introduced, not being signed by the defendant, did not tend either to impeach or disprove his testimony. The paper was merely a self-serving document written by the party who introduced it. Such a paper is inadmissible. 22 C. J. 220, et seq.; Stiff v. Havens, 69 A. 553; Bowen v. White, 26 R. I. 68, 58 A. 252. The admission of the paper was very prejudicial to the defendant and constitutes reversible error. The exception to such admission is sustained.

In hearing the motion for a new trial the trial justice could not pass upon his own ruling; the evidence was conflicting and we find no error in denying the defendant's motion for a new trial. The second exception is overruled.

The papers in the case are ordered remitted to the Superior Court for a new trial.

Fergus J. McOsker, for plaintiff.
Charles R. Easton, for defendant.