## UNITED STATES v. NEW AMSTERDAM CASUALTY CO.

No. 2421.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

For former opinion, see 41 F.(2d) 917.

Charles H. Eden, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., on the brief), for appellant.

Daniel T. Hagan, of Providence, R. I., and Louis Halle, of New York City, for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

The opinion in this case was handed down on June 5, 1930. Since then a rehearing has been granted and the rehearing had.

As pointed out in that opinion, the bond in question is a federal statutory bond for a fixed amount—one given to secure the government for the exact amount of estimated duties on the Dorin's cargo. It would seem, therefore, that it is a penalty or forfeiture bond. If it is, and it having been found that it is the defendant's bond and that the condition has been broken, judgment would be for the full amount of the bond; which would not be subject to being chancered. Clark v. Barnard, 108 U. S. 436, 455, 457, 2 S. Ct. 878, 27 L. Ed. 780; United States v. Dieckerhoff, 202 U. S. 302, 26 S. Ct. 604, 50 L. Ed. 1041; United States v. Montell, 26 Fed. Cas. page 1293, No. 15,798; Eagle Indemnity Co. v. United States (C. C. A.) 22 F.(2d) 388; Illinois Surety Co. v. United States (C. C. A.) 229 F. 527.

But, in the instant case, the parties have agreed that the bond is an indemnity bond. Assuming it is such a bond, that an action at law has been brought upon it, and a plea of the general issue filed, judgment would likewise be for the full amount of the bond; the plaintiff having established its execution and breach. It is, however, subject to being chancered, if desired. Bowen v. White, 26 R. I. 68, 71, 58 A. 252, and other cases herein cited.

94

In a proceeding to chancer a bond, the burden of proof, as to the amount due, is upon the plaintiff. Gowen v. Nowell, 2 Me. 13; Call v. Foster, 52 Me. 257, 259. But the plaintiff in the first instance sustains this burden and makes a prima facie showing that the amount due is the penalty fixed in the bond, by introducing in evidence the judgment obtained in the law action. Sargent v. Pomroy, 33 Me. 388. The burden of going forward to overcome this prima facie case is then cast upon the defendant. The burden of the issue, however, remains on the plaintiff throughout; and if the actual damages proved are less than the judgment, execution issues for the lesser sum. Sargent v. Pomroy, supra; Call v. Foster, supra.

While it appears from the record in this case that in the action at law on the bond the trial court found due execution and breach of the bond and directed that "judgment may be entered for the plaintiff," it does not appear for what sum judgment was to be entered, or that a judgment was in fact entered for the plaintiff for the sum named in the bond or otherwise. And in the proceeding to chancer the bond it does not appear, if judgment for the penal sum was entered in the action at law, that such judgment was introduced in evidence in such proceeding to make out a prima facie case for the government. If judgment was not entered in the law action for the penal sum of the bond, the proceeding had not reached the stage where the bond could be chancered, and the proceeding to chancer it was premature. Bowen v. White, 26 R. I. 68, 71, 58 A. 252, Gen. Laws R. I. 1923, c. 344, §§ 3, 4.

In this situation and in view of the agreement of the parties that the bond is an indemnity bond, we think the case should be remanded to the District Court, where, if judgment has not been entered for the plaintiff in the action at law for the amount of the bond, this may be done. This having been done, a proceeding to chancer the bond may be instituted and a hearing had pursuant to the method above outlined. Our order of June 5, 1930, must be modified and the case remanded to the District Court for further proceedings.

The judgment or decree of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion. No costs.

ANDERSON, Circuit Judge, concurs in the result.