*Gunning & LaFazia,* for defendant.

LEO B. CAREY *et al. vs.* MARYLAND CASUALTY COMPANY *et al.*

MARCH 23, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of debt on bond. The case is before us on two motions, one made by the plaintiffs to dismiss the appeal of the defendant Maryland Casualty Company, and the other made by the same defendant for summons and severance.

It appears from the record that on November 20, 1956 an action of debt was instituted in the superior court by Leo B. Carey and others, comprising the Rhode Island Motor Vehicle Dealers' License Commission, and Laure B. Lussier, registrar of motor vehicles for this state, against Maryland Casualty Company, an insurance company organized and existing under the laws of the state of Maryland, and Burton D. Bramble of the city of Providence.

The amended declaration states in substance that the case was brought by the commission and by the registrar to recover damages for and on behalf of certain stated beneficiaries for the alleged breach of a bond given in the sum of $5,000 to the commission by Burton D. Bramble as principal and Maryland Casualty Company as surety, wherein they bind themselves jointly and severally to the payment of the penal sum of the bond in the event of the principal's default of the conditions thereof.

It further appears that the action was tried in the superior court by a justice thereof sitting without a jury; that thereafter a decision was rendered for plaintiffs in the penal sum of the bond against both defendants; that on April 17,

**430**

1959 Maryland Casualty Company filed notice of its intention to prosecute a bill of exceptions; and that on the same date judgment was entered for plaintiffs in the penal sum of the bond against defendant Burton D. Bramble. Prior to the instant hearing, plaintiffs filed their motion to dismiss the appeal and the defendant Maryland Casualty Company filed its motion for summons and severance.

We shall first consider the latter motion. The action is against the principal and the surety on a bond. Since their obligation on the bond is joint and several, the decision of the trial justice was against both defendants. Both principal and surety were sued in the same action, both were represented by counsel, and both participated in the trial. Decision was properly given against both defendants. 72 C.J.S. Principal and Surety §277 b., p. 733; 50 Am. Jur., Suretyship, §200, p. 1037; *Andrews* v. *Abbott,* 49 R. I. 255.

In *Massachusetts Bonding & Ins. Co.* v. *Robert E. Denike, Inc.,* 92 F.2d 657, the court stated at page 658, "In general, a judgment against the principal is prima facie evidence against the surety, and 'if the surety participates in the action against his principal, he is concluded as to the issues therein decided against his principal.'" See also *Lake County* v. *Massachusetts Bonding & Ins. Co.,* 75 F.2d 6.

In the instant case under the practice followed in this state for many years, if an appeal to this court is desired it is necessary that such appeal be taken by both defendants jointly or by one in the name of both. In *Curry* v. *Stokes,* 12 R. I. 52, the court stated, "The first question therefore is, whether an appeal taken by one of two plaintiffs in a common law action is not ineffectual and void. We think it is. The judgment is joint, not several. It is *entire* against both, and therefore can be appealed from only by both jointly, or, at the best, by one in the name of both. Even one of two defendants cannot, as a matter of course, appeal from a judgment rendered against both

of them jointly." See also *Bassett* v. *Loewenstein*, 22 R. I. 468; *Gencarelle* v. *N. Y., N. H. & H. R. R.*, 21 R. I. 216; *Clapp* v. *Smith*, 16 R. I. 368.

The defendant Maryland Casualty Company has not followed the practice in this state but has filed a motion to summons the other defendant for the purpose of obtaining a judgment of severance and thereafter presenting the appeal alone. The motion for summons and severance is a motion known to the common law which in modern times has fallen into disuse except in a few jurisdictions. It is mentioned in *Masterson* v. *Herndon*, 77 U. S. 416, wherein it is stated:

> "It is the established doctrine of this court that in cases at law, where the judgment is joint, all the parties against whom it is rendered must join in the writ of error; and in chancery cases, all the parties against whom a joint decree is rendered must join in the appeal, or they will be dismissed. There are two reasons for this: 1. That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed. 2. That the appellate tribunal shall not be required to decide a second or third time the same question on the same record.
>
> "In the case of *Williams* v. *Bank of the United States,* the court says that where one of the parties refuses to join in a writ of error, it is worthy of consideration whether the other may not have remedy by summons and severance; and in the case of Todd *v.* Daniel, it is said distinctly that such is the proper course. This remedy is one which has fallen into disuse in modern practice, and is unfamiliar to the profession; but it was, as we find from an examination of the books, allowed generally, when more than one person was interested jointly in a cause of action or other proceeding, and one of them refused to participate in the legal assertion of the joint rights involved in the matter. In such case the other party issued a writ of summons, by which the one who refused to proceed was brought before the court, and if he still refused, an or-

der or judgment of severance was made by the court, whereby the party who wished to do so could sue alone."

See also *Todd* v. *Daniel*, 41 U. S. 521, and *Estis* v. *Trabue*, 128 U. S. 225. In *Lovejoy* v. *Irelan*, 17 Md. 525, there was a decree against several defendants. It was held that one defendant could not appeal without summons and severance and that the appeal of one would be dismissed on motion. In the case of *Mottu* v. *Primrose*, 23 Md. 482, the court held that since the decision in *Lovejoy* v. *Irelan*, the law must be considered as settled that where a judgment is rendered jointly against several persons an appeal cannot be prosecuted by some of them without the others unless there be a judgment of severance. It also held that writs of summons and severance must issue out of the appellate court. The court went on to say at page 494 that "in the absence of any established practice in our State to the contrary, or any adjudication by the Court of Appeals on the subject, we feel ourselves warranted in deciding the present motions in conformity with the English practice and authorities * * *."

Thus it is true that in a few jurisdictions the practice of issuing writs of summons and severance still exists. However, as we have a procedure that has been followed since the decision in *Curry* v. *Stokes*, 12 R. I. 52, we see no reason for resorting to a procedure at common law which has fallen into disuse in most jurisdictions in this country. For the reasons stated, the motion for summons and severance is denied.

With reference to the plaintiffs' motion to dismiss the appeal, the defendant Maryland Casualty Company's answer thereto was its own motion for a writ of summons and severance. The latter motion has been denied, and for the reasons expressed in our consideration thereof the motion to dismiss is granted.

The plaintiffs' motion to dismiss the appeal is granted,

the defendant Maryland Casualty Company's motion for summons and severance is denied, and the case is remitted to the superior court for entry of judgment for the plaintiffs against said defendant in the penal sum of the bond.

*Wilfrid E. McKenna, Bernard P. Campbell,* for plaintiffs.

*Gunning & LaFazia,* for defendant.