## Leo B. Carey *et al. vs.* Maryland Casualty Company *et al.*

DECEMBER 5, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of debt on bond. The case is here on the defendants' exceptions to certain rulings of a justice of the superior court and to his decision in favor of the plaintiffs for the penal sum of the bond after chancerization proceedings before him pursuant to general laws 1956, §9-27-2.

In this court plaintiffs moved to dismiss the bill of exceptions on the ground that defendants had failed to file a special plea on which they could predicate the objections which they made to the trial justice in the chancerization proceedings. We denied this motion without prejudice to plaintiffs' right to renew it at the hearing before us on the merits. They have now renewed it and contend that defendants' objections were cognizable only under a special plea. No case so holding is cited in support of such contention but plaintiffs argue that such is the rule indicated in *Riding* v. *Travelers Ins. Co.*, 48 R. I. 433, *Coderre* v. *Travelers Ins. Co.*, 48 R. I. 152, and *Tilley* v. *Cottrell*, 21 R. I. 309.

In none of those cases was any question of procedure in the chancerization of a bond raised or decided. However, in *Tilley* there is an intimation that in such proceedings a special plea is appropriate to raise a question of the extent of defendants' liability under the bond. And in *Bates* v. *American Surety Co.*, 50 R. I. 402, resort to a special plea to interpose an equitable defense in mitigation of damages under a replevin bond was expressly approved. But whether there is a rule requiring the filing of a special plea as a condition precedent to defendants' right to raise objections to plaintiffs' case for chancerization those cases do not decide and for the following reason we need not determine the question here.

The plaintiffs did not press for a ruling on this question at the hearing before the trial justice. At that time defendants were allowed to make their objections to plaintiffs'

case for chancerization and obtain rulings thereon. Certain of those rulings and the trial justice's decision were excepted to and defendants have duly prosecuted their bill of exceptions. Nothing appears in the record to warrant our dismissing the bill without passing on the merits of the exceptions. The plaintiffs' motion to dismiss it is therefore denied.

At the hearing in the superior court on the motion for chancerization the transcript of the evidence in the original trial of the action for breach of the bond — see *Carey* v. *Maryland Casualty Co.*, 90 R. I. 428, 158 A.2d 883—was admitted over defendants' objection to prove plaintiffs' claims for damages in the penal sum of the bond. The plaintiffs then rested and the trial justice asked defendants if they had any testimony to offer. Counsel replied that the only testimony he had to offer was contained in the transcript which had been admitted in evidence.

However, counsel sought to argue that the claims for damages on which plaintiffs relied were of out-of-state origin and therefore not subject to the statute under which defendants' bond was entered into. The trial justice refused to entertain such arguments since he had previously in the pleading stage of the case overruled defendants' demurrers to the declaration which were based on the same ground, and hence he held that such ruling was the law of the case by which he was bound. He thereupon stated that as defendants had no further testimony to offer he would enter judgment and direct an execution to issue in behalf of each of the claimants in the proportionate amount of the penal sum of the bond to which plaintiffs had proved they were entitled.

From our examination of the record we are of the opinion that the proceedings on chancerization were conducted according to law, and that the trial justice did not err in admitting portions of the original transcript to prove plaintiffs' claims and in entering judgment in their favor. The

plaintiffs had the burden of proving their claims for damages and they did so by offering in evidence the portions of the original transcript for that purpose. Thereafter the burden of going forward with evidence to overcome plaintiffs' prima facie case was cast upon defendants. *United States* v. *New Amsterdam Casualty Co.*, 45 F.2d 93 (R. I.). Since they presented no such evidence plaintiffs established their case and the trial justice was correct in so finding and directing executions to issue in their favor. He was also correct in holding that his rulings based on the questions of law raised by the defendants' demurrers constituted the law of the case. *Payne* v. *Superior Court*, 78 R. I. 177. The defendants were not prejudiced by his refusal to entertain further argument on such questions. Their exceptions to such rulings and decision are therefore without merit.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Wilfrid E. McKenna, Bernard P. Campbell,* for plaintiffs.

*Gunning & LaFazia,* for defendants.